██ In the Matter of the Claim of JAMES DE MARIA, Appellant. COMMISSIONER OF LABOR, Respondent. [714 NYS2d 588] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 5, 1999, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant challenges the decision of the Unemployment Insurance Appeal Board which determined that claimant's dismissal from his employment as a lead aircraft mechanic after he was found in a remote area asleep in a deicer truck amounted to disqualifying misconduct. Claimant's supervisor testified that when he climbed onto the deicer truck to look in the window, he saw claimant reclined in the seat and, although he could not discern whether claimant's eyes were closed, claimant did not acknowledge or respond to the supervisor's presence. Significantly, claimant had been warned on three prior occasions about sleeping on the job. While claimant denied being asleep, it is within the exclusive province of the Board to resolve credibility issues and draw inferences from

the evidence presented (*see, Matter of Thompson [New York City Off. of Bronx Borough President—Commissioner of Labor]*, 270 AD2d 551, 552; *Matter of Gonzalez [Sweeney]*, 247 AD2d 748). Upon our review of the record, we find substantial evidence exists to support the Board's decision that claimant engaged in disqualifying misconduct (*see, Matter of Gonzalez [Sweeney]*, *supra; Matter of Andrews [Hartnett]*, 176 AD2d 429), notwithstanding that the record could support a contrary conclusion.

Cardona, P. J., Crew III, Carpinello, Graffeo and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.