■ In the Matter of the Claim of KATHLEEN HORAN, Appellant. AUGIE MOSCHITTO TRIM & JEWELRY CORPORATION, Respondent; COMMISSIONER OF LABOR, Respondent. [745 NYS2d 301] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 27, 2001, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as an administrative assistant after her employer observed her sleeping at her desk. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct. Claimant was also charged with a recoverable overpayment of benefits on the ground that she made a willful false statement to obtain benefits when she stated on her application that she was unemployed due to "lack of work," although it is uncontested that her employment ended when she was fired for sleeping on the job.

It has repeatedly been held that sleeping on the job may constitute disqualifying misconduct (*see, Matter of Carr [Commissioner of Labor]*, 253 AD2d 931; *Matter of Gonzalez [Sweeney]*, 247 AD2d 748; *Matter of Dimassimo [Eastman Kodak Co.— Sweeney]*, 231 AD2d 777). Claimant testified that she was not asleep on her last day of work but was resting her eyes after taking medication for a migraine headache. The employer testified that he had found claimant sound asleep at her desk and that he and other employees had observed claimant sleeping on several earlier occasions. The conflict in the parties' testimony presented an issue of credibility for resolution by the

Board (*see, Matter of De Maria [Commissioner of Labor]*, 276 AD2d 1010; *Matter of Gonzalez [Sweeney], supra* at 748). We conclude that substantial evidence supports the Board's decision that claimant engaged in disqualifying misconduct (*see, Matter of De Maria [Commissioner of Labor], supra* at 1011). Claimant's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.