■ In the Matter of the Claim of ROBERT V. WHYLIE, Appellant. COMMISSIONER OF LABOR, Respondent. [833 NYS2d 258]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 9, 2005, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant was the named president of VVW Rebar Corporation, a contracting firm. He was also employed as a laborer by the company. He twice applied for and received unemployment insurance benefits. Ultimately, the Unemployment Insurance Appeal Board found claimant ineligible to receive unemployment insurance benefits on the ground that he was not totally unemployed. He was also charged with a recoverable overpayment of benefits and assessed a forfeiture penalty of benefit days upon a finding that he had made willful false statements to obtain benefits. It was noted that not only was claimant the president of the company, but also that he had taken business expense deductions on his personal income tax returns. On the question of willfulness, it was determined that when claimant certified that he was not working, he knew that he was the president of the company and had performed services for it. Claimant appeals.

We affirm. It is well settled that a claimant who is a company officer and performs business-related activities on behalf of an ongoing corporation is not considered totally unemployed even if no income is received (*see Matter of Singer [Commissioner of Labor]*, 30 AD3d 928, 929 [2006]). The issue is whether the claimant stands to benefit financially from the continued operation of the company (*see Matter of Schmidt [Commissioner of Labor]*, 7 AD3d 899, 899-900 [2004], *lv denied* 3 NY3d 612 [2004]). The deduction of business expenses on a personal income tax return may constitute disqualifying income (*see Matter of Singer [Commissioner of Labor]*, supra at 929). Here, even accepting that claimant received no direct compensation from the company, he did take business deductions on his income tax returns. Although claimant denied knowing that he took such deductions or that he performed services for the company, the Board refused to credit the denials. The evaluation of claimant's testimony and the inferences to be drawn therefrom were within the exclusive province of the Board (*see Matter of De Maria [Commissioner of Labor]*, 276 AD2d 1010, 1010-1011 [2000]). Under these circumstances, there is substantial evidence to support the Board's decision that claimant was not totally unemployed.

We also find substantial evidence to support the finding of willfulness. Claimant acknowledged that he had received and

read the Department of Labor's handbook informing him that he had to report whether he was involved in a business or corporation. Even if claimant's reasons for not reporting his involvement with the company could be accepted, it was still his responsibility to disclose all information that might be relevant to a receipt of benefits (*see Matter of Gross [Hudacs]*, 195 AD2d 742, 742 [1993]).

Finally, claimant's contentions regarding the manner in which the hearings on his case were conducted have been examined and found unavailing. There was no denial of due process, nor did the Administrative Law Judge improperly assume the role of prosecutor (*see Matter of Boudreau [Commissioner of Labor]*, 253 AD2d 939, 939 [1998]). As for any support for the argument that this Court should consider evidence not offered at the hearings or that it should order a rehearing, we note that claimant's proper remedy is to apply to the Board, which may, in its discretion, hold further hearings (*see* Labor Law § 621 [3]; *Matter of Miller [Commissioner of Labor]*, 9 AD3d 567, 568 [2004]). Claimant's remaining contentions have been examined and found to be without merit.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.