■ In the Matter of the Claim of THERESA M. ALEGRIA, Appellant. COMMISSIONER OF LABOR, Respondent. [969 NYS2d 178]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 15, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked part time as a direct care counselor at an independent living group home for disabled adults. On July 25, 2011, claimant was working an overnight shift as a substitute counselor with another counselor. Her duties included that she stay awake for the entire shift, conduct bed checks on the residents every 15 minutes and perform certain household chores, including laundry. At approximately 4:00 a.m., an assis-

tant manager who resided in an apartment at the home awoke to find the home completely dark and unusually quiet. She thereafter discovered claimant sleeping on a couch covered in a blanket and the other counselor sleeping in a chair. The assistant manager telephoned her supervisor, who instructed her to send claimant and the other counselor home. The supervisor also spoke with claimant during the telephone call and, in a written report, documented that claimant threatened her by stating that she would not leave quietly and "I would be truly scared if I were you, truly scared." As the result of claimant's conduct, her employment was terminated.

Claimant applied for unemployment insurance benefits, but was disqualified from receiving them on the ground that her employment had been terminated due to misconduct. Following hearings, an Administrative Law Judge reversed, finding that claimant did not commit misconduct and was eligible for unemployment insurance benefits. Upon review, however, the Unemployment Insurance Appeal Board reversed and denied benefits. Claimant appeals.

We affirm. "[W]hether a claimant's behavior has risen to the level of disqualifying misconduct is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence" (*Matter of Irons [TLC W., LLC— Commissioner of Labor]*, 79 AD3d 1511, 1512 [2010]; *accord Matter of Wright [City of Syracuse—Commissioner of Labor]*, 101 AD3d 1198, 1199 [2012]). Here, the assistant manager testified that she discovered claimant sleeping during her shift, which has been found to constitute disqualifying misconduct (*see Matter of Beydoun [Trump World Tower Condominium— Commissioner of Labor]*, 308 AD2d 625, 625 [2003]; *Matter of Jordan [Moschitto Trim & Jewelry Corp.—Commissioner of Labor]*, 296 AD2d 734, 734 [2002]). The manager also videotaped the incident on her cellular telephone. The Board chose to credit the testimony of the assistant manager and the video evidence over claimant's contrary testimony that she was awake at the time and helping a resident use the bathroom. Similarly, despite claimant's denial, the Board credited the written report and testimony of the supervisor that claimant had made threatening remarks to her, which has also been found to constitute disqualifying misconduct (*see Matter of Colindres [Commissioner of Labor]*, 91 AD3d 991, 992 [2012]). As the conflicting accounts presented a credibility issue to be resolved by the Board, which was not bound by the contrary conclusion reached by the Administrative Law Judge (*see Matter of Culver [Feinberg— Commissioner of Labor]*, 100 AD3d 1334, 1334 [2012]; *Matter of*

*Samuels [Rubin—Commissioner of Labor]*, 95 AD3d 1566, 1567 [2012]), we find that substantial evidence supports the Board's decision.

Rose, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.