■ In the Matter of the Claim of MICHAEL A. ALBARELLA, Appellant. COMMISSIONER OF LABOR, Respondent. [762 NYS2d 307] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 17, 2002, which, inter alia, ruled that

claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant worked for his wife's seasonal business that sells pizza from a trailer at fairs, carnivals and sporting events. The Unemployment Insurance Appeal Board, reviewing claimant's application for benefits from November 1996 through April 2001, found that he was not totally unemployed during the relevant time periods. On this appeal, claimant does not challenge the finding of lack of total unemployment inasmuch as he admits that he performed some sporadic tasks for his wife's business during the off season. Rather, claimant challenges the finding that he made willful false statements to obtain benefits and, relying on *Matter of Valvo (Ross)* (57 NY2d 116 [1982]), claims that he made an erroneous legal conclusion as to whether such activities constituted employment.

It is a claimant's responsibility to disclose any business activity when certifying for unemployment insurance benefits (*see Matter of Johnston [Commissioner of Labor]*, 253 AD2d 949 [1998]). Whether there has been a willful misrepresentation in this regard is a question for the Board to resolve (*see Matter of Stanton [Commissioner of Labor]*, 291 AD2d 698 [2002]). The record establishes that, in addition to the reporting instructions in the informational handbook which claimant received, he also signed a statement in 1996 indicating that he understood that any services or activity on behalf of the business, regardless of compensation, had to be reported. Such evidence belies claimant's assertion that he was required to make a legal conclusion regarding his business activities (*see Matter of Valvo [Ross], supra; Matter of Krause [Hartnett]*, 174 AD2d 867 [1991]). Inasmuch as substantial evidence supports the Board's decision, it will not be disturbed.

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.