■ In the Matter of the Claim of JEROME J. PETRILLO, Appellant. COMMISSIONER OF LABOR, Respondent. [767 NYS2d 679]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 20, 2003, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

After claimant's former employment ended under nondisqualifying circumstances, he applied for and collected unemployment insurance benefits. During the benefit period, however, claimant performed various services in furtherance of his position as a licensed sales representative for a real estate broker's office. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because he was not totally unemployed at the time he received them, charging him with a recoverable overpayment and the loss of benefit days based upon its finding that claimant had made willful misrepresentations to obtain benefits.

Substantial evidence in the record supports this determination. Hearing testimony disclosed that claimant admitted to an

unemployment insurance investigator that he had performed activities relating to his real estate sales position on 22 separate dates during the benefit period. Claimant further admitted that he had received the unemployment insurance information handbook which explains the requirement of reporting any work-related activity, no matter how minimal or uncompensated. Despite this information, claimant repeatedly indicated on his certification for benefits that he was not engaged in any business or other activity that either produced or might produce income (*see Matter of Dobbs [Commissioner of Labor]*, 277 AD2d 550, 550 [2000]). Given claimant's willful misrepresentation when applying for benefits, the overpayment thereof was properly ruled to be recoverable (*see Matter of Karpien [Commissioner of Labor]*, 297 AD2d 855, 856 [2002]; *Matter of Melnick [Commissioner of Labor]*, 268 AD2d 863, 864 [2000]). As substantial evidence supports the Board's assessment of the credibility of the hearing testimony, as well as its separate findings regarding claimant's willful misrepresentations, its decision will not be disturbed (*see Matter of Kabel [Kabel's Gas Serv.—Commissioner of Labor]*, 267 AD2d 696, 696 [1999]). The remaining contentions and queries raised by claimant have been examined and found to be without merit.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.