■ In the Matter of the Claim of JOHN-MICHAEL BATTAGLIA, Appellant. COMMISSIONER OF LABOR, Respondent. [779 NYS2d 266]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 7, 2003, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant applied for and received unemployment insurance benefits after he was terminated from his position as a technical writer. Subsequently, however, the Department of Labor issued initial determinations finding, among other things, that claimant was ineligible to receive benefits because he was not totally unemployed. Following a hearing, an Administrative Law Judge upheld the determinations to the extent of finding that claimant was not totally unemployed on certain dates during the benefit period when he engaged in competitive bowling activities. The Administrative Law Judge also found that claimant made a willful misrepresentation to obtain benefits because he did not disclose such activities, and charged him with a recoverable overpayment as well as a forfeiture penalty. The Unemployment Insurance Appeal Board affirmed this decision, resulting in this appeal.

Because we find that substantial evidence supports the Board's decision, we affirm. A claimant who engages in business-related activities providing the potential for financial gain will not be considered totally unemployed, even if such activities are minimal or unprofitable or simply provide the claimant with financial gain through the deduction of expenses on his tax returns (*see Matter of Rostolder [Commissioner of Labor]*, 3 AD3d 773 [2004]; *Matter of Rosenberg [Commissioner of Labor]*, 307 AD2d 506, 507 [2003]; *Matter of Dolcater [Commissioner of Labor]*, 307 AD2d 583, 584 [2003]). Here, the record discloses that claimant filed schedule Cs with both his 1999 and 2000 tax returns in which he reported fairly significant income and expenses attributable to his competitive bowling activities, entitling him to take losses of $2,160 and $3,100, respectively, against his personal income tax liability. Although claimant maintained that his bowling activities were recreational in nature, this presented a credibility issue for the Board to resolve (*see Matter of Schenker [Commissioner of Labor]*, 284 AD2d 765, 766 [2001]; *Matter of Petvai [Commissioner of Labor]*, 275 AD2d 821 [2000]).

In addition, inasmuch as claimant was provided an unemployment insurance booklet advising him of the need to report any activity that may produce income, but admittedly failed to do so, we find no reason to disturb the Board's finding that he made a willful misrepresentation to obtain benefits (*see Matter of Johnston [Commissioner of Labor]*, 253 AD2d 949, 950 [1998]; *Matter of Brenenstuhl [Hartnett]*, 173 AD2d 993, 994 [1991]).

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.