In the Matter of the Claim of JACK SCHULMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [779 NYS2d 650]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 20, 2003, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

While receiving unemployment insurance benefits, claimant worked as an Alzheimer's patient caseworker on an hourly basis. On days when claimant arrived at the patient's home and he was unable to render services, claimant did not consider that work and certified with the local unemployment insurance office to that effect. Claimant was aware and evidence submitted on behalf of the employer established, however, that regardless of whether claimant rendered services, he was nevertheless paid for travel time. Thereafter, the Unemployment Insurance Ap-

peal Board ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed. The Board also found that claimant made willful false statements to obtain benefits and remanded the matter to the Administrative Law Judge to assess the amount of a recoverable overpayment of benefits and forfeiture of penalty days. This appeal ensued.

It is well settled that "whether a person is totally unemployed is a factual issue which is in the sole province of the Board and its decision must be sustained if supported by substantial evidence." Here, inasmuch as the record establishes that claimant received payment from the employer on the days he certified that he was unemployed, we find no reason to disturb the Board's decision (*see Matter of Halper [Commissioner of Labor]*, 251 AD2d 875 [1998]).

Turning to the issue of willful false statements, "willful," as used in Labor Law § 594, means knowingly, intentionally and deliberately making a false statement (*see Matter of Scott [New York Law School—Commissioner of Labor]*, 257 AD2d 871 [1999], *lv denied* 93 NY2d 808 [1999]). In view of the fact that claimant received the informational handbook from the Department of Labor requiring accurate reporting regarding employment and that he was paid on the days in question, the Board's finding that claimant made willful misrepresentations will not be disturbed (*see id.*).

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.