■ In the Matter of the Claim of ANTHONY RASPALLO JR., Appellant. COMMISSIONER OF LABOR, Respondent. [781 NYS2d 532]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 4, 2003, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

In January 2002, claimant began receiving unemployment insurance benefits. He certified for benefits each week thereafter through the week ending October 20, 2002, and represented during such time that he was not working. In March 2002, however, he started an Internet sales business. During the ensuing months, he engaged in a number of activities on behalf of the business, including filing a certificate of incorporation, leasing office space, opening a business checking account, calling vendors, and processing orders after the business started to operate in June 2002. Claimant received a total of $13,263.75 in unemployment insurance benefits. In December 2002, the Department of Labor issued an initial determination finding, among other things, that claimant was ineligible to receive benefits. Following a hearing and decision by an Administrative Law Judge, the Unemployment Insurance Appeal Board ultimately ruled that, as a result of claimant's activities with respect to his Internet sales business, he was ineligible to receive benefits because he was not totally unemployed. The Board further found that claimant made willful misrepresentations to obtain benefits and charged him with a recoverable overpayment of benefits, as well as reduced his right to receive future benefits by 264 days.

On appeal, claimant challenges only the Board's finding that he made willful misrepresentations to obtain benefits. Based upon our review of the record, we find that substantial evidence supports the Board's decision. "It is a claimant's responsibility to disclose any business activity when certifying for unemployment insurance benefits" (*Matter of Albarella [Commissioner of Labor]*, 307 AD2d 573, 574 [2003] [citation omitted]). "Whether there has been a willful misrepresentation in this regard is a question for the Board to resolve" (*id.* at 574 [citation omitted]). In view of the extensive nature of claimant's business-related activities and his admission that he did not report them

when certifying for benefits or read the unemployment insurance handbook that was provided to him (*see Matter of Petrillo [Commissioner of Labor]*, 2 AD3d 948 [2003]; *Matter of Slayton [Roberts]*, 96 AD2d 1005 [1983]), we find no reason to disturb the Board's conclusion that claimant made willful misrepresentations, even if they were not intentional (*see* Labor Law § 597 [4]; *Matter of Alm [Commissioner of Labor]*, 302 AD2d 777, 779 [2003]).

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.