■ In the Matter of the Claim of KEDRA L. SMALL, Appellant. COMMISSIONER OF LABOR, Respondent. [804 NYS2d 145]—

Rose, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 28, 2004, which, upon reconsideration, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Upon losing her job under circumstances not at issue, claimant, an attorney, applied for unemployment insurance benefits. Throughout the applicable time period, claimant was

self-employed, seeking and accepting assignments from the assigned counsel and law guardian programs. In addition, she actively sought her own clients. During conversations with representatives from the Department of Labor, as well as in all the forms that she filed with the local unemployment insurance office, claimant disclosed these facts, but she failed to accurately report the days on which she worked. Although claimant was initially awarded benefits, the Unemployment Insurance Appeal Board ultimately found that she was not totally unemployed during the relevant time period and, therefore, she was found ineligible to receive benefits and charged with a recoverable overpayment of $12,555 (*see* Labor Law § 597 [4]). In addition, claimant's right to receive future benefits was reduced on the basis that she made willful false statements (*see* Labor Law § 594). Claimant's sole argument on appeal is that, since she made full disclosures of her self-employment to the Department, her benefits are not recoverable and her right to receive future benefits should not be reduced.

During the hearing, claimant admitted that she failed to accurately report all of the days on which she worked (*cf. Matter of Todino [Ross]*, 59 AD2d 638 [1977]; *Matter of Oster [Levine]*, 53 AD2d 740 [1976]) and, therefore, the Board properly found that the benefits were recoverable. With respect to the forfeiture of future benefits, Labor Law § 594 requires willfulness, which means "knowingly, intentionally and deliberately making a false statement" (*Matter of Schulman [Commissioner of Labor]*, 9 AD3d 647, 648 [2004], *lv denied* 4 NY3d 708 [2005]; *accord Matter of Vasta [Commissioner of Labor]*, 268 AD2d 653, 653 [2000]), and this is a question for the Board to resolve (*see Matter of Caron [Commissioner of Labor]*, 8 AD3d 864, 865 [2004]). Although claimant disclosed her private legal practice to the Board, she admittedly misrepresented the days that she actually worked. Under these circumstances, substantial evidence supports the Board's determination that claimant made willful false statements to obtain benefits (*see id.*).

Cardona, P.J., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.