In the Matter of the Claim of THOMAS J. McDONALD, Appellant. COMMISSIONER OF LABOR, Respondent. [809 NYS2d 615]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 27, 2004, which ruled, inter alia, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant initially participated in a work share program at his place of employment but was eventually laid off due to a lack of work. He filed claims for unemployment insurance benefits and

was awarded benefits. While receiving benefits, he began publishing Heaven and Earth Magazine, filed a business certificate and opened a business checking account. He sold advertising space in the magazine to various vendors to generate income and wrote checks from the business checking account to cover expenses. The Unemployment Insurance Appeal Board ultimately found him ineligible to receive benefits on the ground that he was not totally unemployed. It also charged him with a recoverable overpayment of benefits of $12,019.20 pursuant to Labor Law § 597 (4) and reduced his right to receive future benefits by 392 days. Claimant appeals.

We affirm. A claimant who actively participates in his or her own business will not necessarily be considered totally unemployed even if his or her activities are minimal and the business is not profitable (*see Matter of Schenker [Commissioner of Labor]*, 284 AD2d 765, 766 [2001]; *Matter of Kazin [Commissioner of Labor]*, 267 AD2d 581, 581 [1999]). "The pertinent inquiry is whether the claimant stands to gain financially from the continued operation of the business" (*Matter of Restivo [Commissioner of Labor]*, 24 AD3d 1007, 1007 [2005] [citation omitted]). Here, claimant performed various activities in connection with running the magazine and stood to benefit financially from its continued publication even though it was not remunerative. Claimant's assertion that the undertaking was a ministry and not a business presented a credibility determination for the Board to resolve (*see Matter of Schenker [Commissioner of Labor]*, *supra* at 766). Inasmuch as he received an informational handbook but failed to report his self-employment activities, he was properly charged with a recoverable overpayment of benefits (*see Matter of Restivo [Commissioner of Labor]*, *supra*; *Matter of Schenker [Commissioner of Labor]*, *supra* at 766).

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.