■ In the Matter of the Claim of RONALD M. CALITRI, Appellant. COMMISSIONER OF LABOR, Respondent. [815 NYS2d 779]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 21, 2005, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant, a professional economist, earned most of his income since 1996 working as a teacher. He resided in a rent-stabilized apartment and, beginning in 1980, started a business leasing rooms in the apartment to defray expenses. Claimant advertised for tenants, reported rental income on his income tax returns and took deductions related thereto. However, when he applied for unemployment insurance benefits in July 2003 after losing a teaching assignment, he did not report his rental business activities. At the time he filed his claim, his rent was $1,060.40 per month and he was receiving $1,900 per month from his two tenants. Although claimant initially received benefits of $3,394.50, the Unemployment Insurance Appeal Board subsequently found him ineligible to receive benefits because he was not totally unemployed, charged him with a recoverable overpayment pursuant to Labor Law § 597 (4) and reduced his right to receive future benefits by eight effective days. Claimant appeals.

Initially, we note that a claimant must be totally unemployed to receive unemployment insurance benefits (*see* Labor Law § 591 [1]) and what constitutes total unemployment is a question of fact for the Board to resolve (*see Matter of Alm [Commis-*

*sioner of Labor]*, 302 AD2d 777, 778 [2003]). Notably, the Board has found that a claimant who receives rental income while receiving unemployment insurance benefits is not totally unemployed (*see e.g. Matter of Jagiello [Hartnett]*, 180 AD2d 859, 859-860 [1992]). Accordingly, substantial evidence supports the Board's finding of claimant's ineligibility. Moreover, inasmuch as claimant did not report his receipt of rental income when certifying for benefits, he was properly charged with a recoverable overpayment pursuant to Labor Law § 597 (4) (*see Matter of Raspallo [Commissioner of Labor]*, 10 AD3d 751, 751 [2004]).

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.