■ In the Matter of ELAINE C. BOWLBY, Appellant. COMMISSIONER OF LABOR, Respondent. [818 NYS2d 661]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 8, 2005, which ruled that claimant made willful false statements to obtain benefits.

By initial determination, claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment as an office manager without good cause effective June 8, 2004. She was also found ineligible to receive unemployment insurance benefits, effective July 19, 2004, based on a finding that she was not totally unemployed because of information that she provided to the Department of Labor regarding her separate business as a licensed acupuncturist. In addition, claimant's right to receive future benefits was reduced upon a finding that she made a willful false statement when, in filing her original claim for benefits, she incorrectly indicated that she was not involved in a business that did or could potentially produce income. Following a hearing, the Administrative Law Judge (hereinafter ALJ) overruled that part of the determination finding that claimant made a willful false statement to obtain benefits. Instead, the ALJ concluded that "claimant did not understand the question" and answered no because she did not understand that the question applied to her acupuncture business. Upon appeal by the Commissioner of Labor, the Unemployment Insurance Appeal Board reversed that part of the ALJ's determination that found claimant did not make a willful false statement to obtain benefits. Claimant appeals, challenging only the finding that she made a willful false statement.

It is well settled that a claimant is responsible for accurate reporting and must disclose any business activity when certifying for unemployment insurance benefits (*see Matter of Albarella [Commissioner of Labor]*, 307 AD2d 573, 574 [2003]). Notably, "there is no acceptable defense to making a false statement" (*Matter of Silverstein [Sweeney]*, 236 AD2d 757, 758 [1997]) and a claim that the misrepresentation was unintentional is not sufficient (*see Matter of Kunz [Commissioner of Labor]*, 19 AD3d 990, 991 [2005]; *Matter of Raspallo [Commissioner of Labor]*, 10 AD3d 751, 752 [2004]; *Matter of Spangler [Commissioner of Labor]*, 7 AD3d 848, 849 [2004]; *Matter of Silverstein [Sweeney]*, supra at 758; *Matter of Gross [Hudacs]*, 195 AD2d 742 [1993]). Here, while claimant did later provide information as to her business activities on some of the forms submitted in connection with her claim for benefits, the fact remains that her response in her original application was not correct (*cf. Matter of Small [Commissioner of Labor]*, 23 AD3d 873 [2005]). Under these circumstances, we cannot conclude that the record does not contain substantial evidence supporting the Board's ruling.

Cardona, P.J., Mercure, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.