■ In the Matter of the Claim of HERBERT MOREIRA-BROWN, Appellant. COMMISSIONER OF LABOR, Respondent. [826 NYS2d 512]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 20, 2005, which, upon reconsideration, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

After filing a claim for unemployment insurance benefits, claimant, an attorney, received benefits totaling $3,341.25. During the period when he was receiving benefits, claimant rented office space for his law practice, performed occasional legal work referred to him by other attorneys, and took steps to become eligible for court-ordered assignments pursuant to County Law article 18-B. Ultimately, the Unemployment Insurance Appeal Board found claimant ineligible to receive benefits because he was not totally unemployed during the relevant time period and charged him with a recoverable overpayment of the benefits. Upon claimant's application for reopening and reconsideration, the Board adhered to its prior decision. Claimant appeals.

In order to receive unemployment insurance benefits, a claimant must be totally unemployed within the meaning of Labor Law § 591 (1) (*see Matter of Baptista [Commissioner of Labor]*, 20 AD3d 829, 829 [2005]). Whether a claimant is totally unemployed is a factual question for the Board to resolve (*see Matter of Petosa [Commissioner of Labor]*, 24 AD3d 825, 825 [2005]). A claimant who actively participates in some manner— even minimally—in his or her own ongoing business may not be considered totally unemployed despite the fact that the business is neither profitable nor fully operational (*see Matter of McDonald [Commissioner of Labor]*, 26 AD3d 636, 637 [2006]; *Matter of Restivo [Commissioner of Labor]*, 24 AD3d 1007, 1007 [2005]). "The pertinent inquiry is whether the claimant stands to gain financially from the continued operation of the business" (*Matter of Restivo [Commissioner of Labor], supra* at 1007 [citations omitted]; *see Matter of Haseltine [Commissioner of Labor]*, 30 AD3d 938, 939 [2006]). In this case, substantial evidence supports the Board's conclusion that claimant was not totally unemployed due to his continued operation of a law practice during the period when he was receiving benefits, particularly since claimant may, in the future, profit from the continued existence of the law practice. Accordingly, the decision must be affirmed.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.