■ In the Matter of the Claim of SHIRLEY K. LAWRENCE, Appellant. COMMISSIONER OF LABOR, Respondent. [834 NYS2d 366]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 16, 2005, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant filed an application for unemployment insurance benefits in December 2002 after losing her job as the managing attorney for a corporation. Prior to that time, claimant's husband had established a closely-held corporation, in which he was the sole shareholder, for the purpose of providing consulting advice to medical corporations. After claimant lost her job, the focus of the corporation changed to that of providing temporary legal services and claimant began working part time as a contract attorney for various clients, who paid the corporation for her services. Additionally, claimant was granted and received benefits for the period December 4, 2002 through June 2, 2003, and correctly reported the work done for these clients when certifying for benefits. Claimant, however, also performed other functions on behalf of the corporation during the benefit period, such as preparing invoices, writing checks, purchasing supplies and retaining a payroll service. Furthermore, she benefitted from corporate losses deducted on the couple's 2002 and 2003 joint federal income tax returns. As a result, the Unemployment Insurance Appeal Board concluded that she was a de facto principal of the corporation and ineligible to receive benefits because she was not totally unemployed. The Board further charged her with a recoverable overpayment of $7,391.25 pursuant to Labor Law § 597 (4) and reduced her right to receive future benefits by 196 days on the basis that she made willful misrepresentations. Claimant appeals.

Initially, the Board has held that a claimant who even

minimally participates in corporate activities may not be considered totally unemployed if the claimant stands to benefit financially from the corporation's continued existence (see Matter of Sichel [Commissioner of Labor], 301 AD2d 771, 772 [2003]). Here, claimant performed various operational functions on behalf of the corporation, apart from her legal services for its clients, and obtained a financial benefit in the form of a tax deduction. Although claimant did not hold an official title, substantial evidence supports the Board's finding that she was a de facto principal of the corporation and, hence, ineligible to receive benefits (see e.g. Matter of Armbruster [Commissioner of Labor], 36 AD3d 1037, 1038 [2007]; Matter of Petosa [Commissioner of Labor], 24 AD3d 825, 826 [2005]).

As for that part of the Board's determination charging claimant with a recoverable overpayment and imposing a forfeiture penalty, we find no basis to disturb that ruling (see e.g. Matter of Spinning [Commissioner of Labor], 28 AD3d 975 [2006]; Matter of Small [Commissioner of Labor], 23 AD3d 873, 874 [2005]). Although claimant testified that she did not remember receiving or reading the unemployment insurance handbook advising her of reporting responsibilities when she filed her claim, she did not deny doing so and, in fact, acknowledged that it was possible that she did receive the handbook. As we have noted previously, "there is no acceptable defense to making a false statement and a claim that the misrepresentation was unintentional is not sufficient" (Matter of Bowlby [Commissioner of Labor], 31 AD3d 939, 940 [2006] [internal quotation marks and citation omitted]). Accordingly, we cannot conclude that the record does not contain substantial evidence supporting the Board's decision.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.