■ In the Matter of the Claim of DOREEN T. SWAN, Appellant. COMMISSIONER OF LABOR, Respondent. [835 NYS2d 774]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 20, 2006, which ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

On February 1, 2006, after her full-time employment ended, claimant applied for unemployment insurance benefits effective January 23, 2006. Prior to this time, she had started a snow plowing and lawn care business which she operated with her husband, and filed a certificate of doing business in September 2005. Due to claimant's affiliation with the business and the activities she performed on its behalf during the benefit period, the Unemployment Insurance Appeal Board ruled that she was ineligible to receive benefits because she was not totally unemployed. Claimant appeals.

We affirm. It is well settled that a claimant who performs activities on behalf of an ongoing business will not be considered totally unemployed even if such activities are minimal, provided that the claimant stands to benefit financially from the continued existence of the business (*see Matter of McDonald [Commissioner of Labor]*, 26 AD3d 636, 637 [2006]; *Matter of Sharon [Commissioner of Labor]*, 12 AD3d 1018, 1018 [2004]). Here, the evidence establishes that, prior to applying for benefits, claimant had started the business, invested in equipment and entered into prepaid snow plowing contracts with approximately 20 clients. She also assisted her husband in snow

removal including some activity while collecting benefits. In addition, in April 2006, she began soliciting clients for lawn care services and secured a few jobs. Although the business operated at a loss in 2005, claimant expected the business to be profitable in future years and took a business loss deduction on her joint 2005 personal income tax return (*see Matter of Whylie [Commissioner of Labor]*, 38 AD3d 1037 [2007]). Inasmuch as claimant stood to gain financially from the continued operation of the business, substantial evidence supports the Board's decision that she was not totally unemployed during the period when she was receiving benefits (*see Matter of Moreira-Brown [Commissioner of Labor]*, 36 AD3d 987 [2007]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.