In the Matter of the Claim of HELEN S. SPIELMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [839 NYS2d 311]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 8, 2006, which ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant is the president of a closely held corporation that she established in 1983 for the purpose of operating a women's retail store on Madison Avenue in New York City. In April 2005, the landlord of the building in which the store was located refused to renew the monthly lease and ordered claimant to vacate the premises by the end of May 2005. After retaining an

attorney, claimant was able to obtain an extension of this date until the end of October 2005. In the meantime, she hired a real estate broker to find an alternate location for her store and looked at two potential prospects. She did not, however, find a new location by the end of October 2005 and closed the store at that time. She subsequently applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ruled that, due to the activities that claimant continued to perform on behalf of her closely held corporation, she was not totally unemployed and, therefore, was ineligible for benefits. She now appeals.

We affirm. It is well settled that a principal of a corporation will not be considered totally unemployed even if the activities he or she performs on its behalf are minimal, so long as he or she stands to benefit financially from its continued operation (*see Matter of Verdecchia [Commissioner of Labor]*, 29 AD3d 1142, 1143 [2006]; *Matter of Witham [Commissioner of Labor]*, 25 AD3d 837, 837 [2006]). Here, although claimant liquidated the merchandise and equipment before closing the store, she continued to maintain the corporate checking account, paid federal and state taxes, had the business telephone calls transferred to her cell phone and, most significantly, continued to look for a new location to reopen the store. She testified that she did not dissolve the corporation because she intended to resume operations at a new location. Inasmuch as claimant would clearly receive a financial benefit from the future reopening of the store and performed activities in relation thereto during the benefit period, substantial evidence supports the Board's finding that she was not totally unemployed (*see e.g. Matter of Kansu [Commissioner of Labor]*, 36 AD3d 1185, 1186 [2007]; *Matter of Moreira-Brown [Commissioner of Labor]*, 36 AD3d 987, 988 [2007]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.