■ In the Matter of the Claim of ELIZABETH L. MEISTER, Appellant. COMMISSIONER OF LABOR, Respondent. [841 NYS2d 727]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 5, 2006, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant, a freelance video editor, applied for unemployment insurance benefits effective November 18, 2002 and January 11, 2005. The first claim covered the base period from December 2, 2002 until February 9, 2003, and the second covered the base

period from January 10, 2005 until August 21, 2005. Both applications were granted and claimant received a total of $5,778.75 in benefits. During the time periods at issue, claimant engaged in activities in furtherance of promoting a film she had produced as part of her Master's thesis. She also wrote screenplays and attended workshops as well as professional group meetings. As a result, the Unemployment Insurance Appeal Board ruled that she was ineligible to receive benefits because she was not totally unemployed. It also charged her with a recoverable overpayment of benefits pursuant to Labor Law § 597 (4) and reduced her right to receive future benefits by 192 days pursuant to Labor Law § 594. Claimant now appeals.

"It is well settled that a claimant who performs activities on behalf of an ongoing business will not be considered totally unemployed even if such activities are minimal, provided that the claimant stands to benefit financially from the continued existence of the business" (*Matter of Swan [Commissioner of Labor]*, 40 AD3d 1295, 1295 [2007] [citation omitted]; *see Matter of Brinn [Commissioner of Labor]*, 38 AD3d 1080, 1080-1081 [2007]). Notably, "[t]he deduction of business expenses on a personal income tax return may constitute disqualifying income" (*Matter of Whylie [Commissioner of Labor]*, 38 AD3d 1037, 1038 [2007]; *see Matter of Singer [Commissioner of Labor]*, 30 AD3d 928 [2006]). Here, during the first base period, claimant wrote checks to various film festivals for the purpose of promoting her film and took deductions for business expenses related thereto on her personal income tax returns. While she ceased this activity during the second base period, she worked on screenplays and attended meetings and functions of a professional group during this time. Claimant admitted to receiving an unemployment insurance handbook advising her of her obligation to report activities likely to produce income, but maintained that she did not realize that the activities at issue constituted work that she was obligated to report. It was the province of the Board to evaluate the credibility of her statements (*see Matter of Armbruster [Commissioner of Labor]*, 36 AD3d 1037, 1038 [2007]), and its denial of benefits on the ground that claimant was not totally unemployed is supported by substantial evidence.

The Board assessed a recoverable overpayment of $5,778.75 against claimant under the provisions of Labor Law § 597. A majority of this assessed overpayment was attributable to claimant's January 2005 claim (*see* Labor Law § 597 [3]). To the extent that $1,316.25 was attributable to her November 2002

claim, the Board specifically found that her certifications of no work "constitute[d] willful misrepresentations" such that the entire sum could be recouped under Labor Law § 597 (4) (*see e.g. Matter of Valvo [Ross]*, 57 NY2d 116, 127-128 [1982]; *Matter of Kansu [Commissioner of Labor]*, 36 AD3d 1185, 1187 [2007]), and the forfeiture penalty under Labor Law § 594 was also proper (*see e.g. Matter of Small [Commissioner of Labor]*, 23 AD3d 873, 874 [2005]).

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.