■ In the Matter of the Claim of CHRISTIAN P. PAQUETTE, Appellant. COMMISSIONER OF LABOR, Respondent. [846 NYS2d 412]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 24, 2006, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

After losing his job as the vice-president of sales in September 2004, claimant filed an application for unemployment insurance benefits. Between December 19, 2004 and March 27, 2005, he received benefits totaling $6,075. However, due to certain activities claimant engaged in with respect to a hosiery company during the benefit period, the Unemployment Insurance Appeal Board ruled that he was ineligible to receive benefits because he was not totally unemployed. It also found that he made willful misrepresentations to obtain benefits and charged him with a recoverable overpayment as well as reduced his right to receive future benefits by 120 days. Claimant now appeals.

We affirm. Initially, we note that whether a claimant is totally unemployed is a factual question for the Board to resolve (*see Matter of Moreira-Brown [Commissioner of Labor]*, 36 AD3d 987, 988 [2007]). Here, the record reveals that, during the benefit period, claimant was retained by the hosiery company to work as a sales representative on an independent contractor basis. In November and December 2004, he took trips to New York and California to meet with company representatives. He subsequently received product samples, discussed sales strategies, devised a sales plan and solicited customers. In addition, on his 2004 federal tax return, he filed a schedule C deducting business expenses associated with self-employment. Inasmuch as claimant stood to gain a financial benefit from the foregoing activities, substantial evidence supports the Board's finding that he was not totally unemployed (*see Matter of Lapczynski [Commissioner of Labor]*, 43 AD3d 523, 523 [2007]; *Matter of Murak [Sweeney]*, 244 AD2d 751 [1997]). Furthermore, given that claimant received an informational handbook but did not report his self-employment activities to the Department of Labor when he certified for benefits, substantial evidence also supports its imposition of a recoverable overpayment (*see Matter of McDonald [Commissioner of Labor]*, 26 AD3d 636, 637 [2006]).

Cardona, P.J., Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.