■ In the Matter of the Claim of NANCY J. CHIRICO, Appellant. COMMISSIONER OF LABOR, Respondent. [853 NYS2d 736]—

Spain, J.

Claimant, an administrative assistant at a state university who only worked when classes were in session, applied for and received unemployment benefits for the school break periods of August 2002 and January, June, July and August 2003 through 2005. Admittedly, claimant also performed certain accounting duties for her husband's graphic design business, which he operates out of their home.

As a result of these duties, the Department of Labor issued an initial determination that she was ineligible to receive benefits because she was not totally unemployed during the time period in issue, charged her with a recoverable overpayment of benefits pursuant to Labor Law § 597 (4) and reduced her right to receive future benefits by 444 days for making willful misrepresentations pursuant to Labor Law § 594. Following a hearing, an Administrative Law Judge modified the determination by limiting claimant's time of ineligibility to receive

benefits to three days, referring the matter back to the Department for recalculation of overpayment and modifying the reduction of her right to future benefits to 24 days. On appeal by the Department, the Unemployment Insurance Appeal Board reversed the Administrative Law Judge's decision and reinstated the Department's original determinations. Claimant now appeals.

We affirm. The determination of whether a claimant is totally unemployed is a factual question for the Board to resolve and such a determination will be sustained if supported by substantial evidence (see Matter of Taylor [Naples Cent. School Dist.— Commissioner of Labor], 25 AD3d 892, 893 [2006]; Matter of Schulman [Commissioner of Labor], 9 AD3d 647, 648 [2004], lv denied 4 NY3d 708 [2005]). Moreover, where a claimant participates in business activities, even minimally, and stands to benefit financially by the business's continued operation, that claimant may be found to not be totally unemployed (see Matter of Meister [Commissioner of Labor], 43 AD3d 1243, 1244 [2007]; Matter of Lawrence [Commissioner of Labor], 39 AD3d 980, 980-981 [2007]). To that end, evidence that a claimant stands to benefit financially includes a commingling of business funds and personal funds (see Matter of Ours [Commissioner of Labor], 268 AD2d 669, 669 [2000]).

Here, claimant participated in her husband's business activity by balancing the books, preparing quarterly sales tax returns and, as signatory on the business checking account, writing checks on the business checking account for sales taxes owed and other business expenses. Evidence was also presented that claimant and her husband commingled business funds with personal funds, as claimant testified that she often wrote checks for personal expenses on the business checking account. While claimant contends that her involvement in the business was sporadic, especially during times of her unemployment from the university, substantial evidence supports the Board's assessment of claimant's credibility and the inference that, because of her activities on behalf of her husband's business, she was not totally unemployed during the periods at issue (see Matter of Bick [Commissioner of Labor], 272 AD2d 705, 705 [2000]; Matter of Sherman [Commissioner of Labor], 267 AD2d 568, 568-569 [1999]; Matter of Drevins [Commissioner of Labor], 254 AD2d 677, 677 [1998]).

We also reject claimant's contention that she did not willfully make false representations concerning her business activities. Claimant admitted to receiving the unemployment insurance handbook advising her that even doing minor duties or favors

for a relative's business could be considered employment and to inform the Department before claiming benefits. Therefore, we find that the Board's determination of a recoverable overpayment of benefits and reduction of the right to future benefits, due to claimant's willful false misrepresentations, is supported by substantial evidence (see Matter of Oles [Commissioner of Labor], 21 AD3d 1188, 1189 [2005]; Matter of Zegelbone [Commissioner of Labor], 19 AD3d 986, 986 [2005]).

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.