■ In the Matter of the Claim of JOHN A. BAL, Appellant. COMMISSIONER OF LABOR, Respondent. [862 NYS2d 133]—

Peters, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 21, 2006, which, upon reconsideration, among other things, adhered to its prior decision ruling that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant, an actor and model, among other things, did business as Mergent Services in furtherance of his various lines of work. In 2002, the purpose of Mergent Services expanded to include the supplying of air purification devices. He applied for unemployment insurance benefits in June 2001, August 2001,

August 2002 and August 2003, and consistently stated that he did not have a business or engage in any activity that did or could generate income. Following an initial determination finding claimant ineligible to receive benefits during the relevant period and a subsequent hearing following which the initial determination was sustained, the Unemployment Insurance Appeal Board remanded the matter for further development of the record in December 2005. Thereafter, in March 2006, the Board affirmed the prior determinations, agreeing that claimant was not totally unemployed during the relevant time period, he was overpaid in the amount of $29,767.50, this amount was recoverable and he would forfeit 912 days of future benefits. Claimant later applied for reopening and reconsideration, but the Board adhered to its prior decision. He now appeals.

We begin by noting that claimant concedes that he was not totally unemployed during the period in question. He contends, however, that he did not make willful misrepresentations in order to obtain benefits and, as such, the paid benefits are not recoverable. Whether a false statement of misrepresentation was willful is an issue for the Board to resolve and its determination will not be disturbed if it is supported by substantial evidence (*see Matter of Barbera [Commissioner of Labor]*, 28 AD3d 973, 975 [2006]; *Matter of Small [Commissioner of Labor]*, 23 AD3d 873, 874 [2005]). Assessments of credibility are solely within the province of the Board (*see Matter of Meister [Commissioner of Labor]*, 43 AD3d 1243, 1244 [2007]).

Here, substantial evidence supports the Board's conclusion that claimant began his business activities in May 2001 and the business continued to some degree throughout the relevant time period. While the nature and extent of the business activities varied, there is substantial evidence in the record that claimant inaccurately stated that he did not have a business or engage in any business activity and he undertook activities in furtherance of his business during periods for which he was reporting that he was totally unemployed, including writing business checks and other banking activities and pursuing litigation (*see Matter of Meister [Commissioner of Labor]*, 43 AD3d at 1244; *Matter of Szal [Commissioner of Labor]*, 41 AD3d 1002, 1003-1004 [2007]). Notably, claimant admitted receiving the unemployment insurance handbook (*see Matter of Meister [Commissioner of Labor]*, 43 AD3d at 1244), and the fact that claimant did make some reports of his engagement in self-employment activities during the relevant period does not preclude the Board from determining that he was engaged in such activities at other times (*see Matter of Nigro [Commis-*

*sioner of Labor]*, 47 AD3d 1040, 1042 [2008]). Inasmuch as substantial evidence supports the Board's determination that claimant willfully made inaccurate reports of his business activities during this time—even if the misrepresentations were unintentional or the result of confusion (*see Matter of Roberts [Commissioner of Labor]*, 49 AD3d 1129, 1129-1130 [2008]; *Matter of Bowlby [Commissioner of Labor]*, 31 AD3d 939, 940 [2006])—the recovery of the overpayments and the reduction of future benefits are proper, and we must affirm.

Claimant's remaining contentions have been examined and found to be without merit.

Spain, Carpinello, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.