In the Matter of RONALD C. BERNARD, Appellant. COMMISSIONER OF LABOR, Respondent. [863 NYS2d 279]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 29, 2007, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant, a former chief executive officer of a business, filed for unemployment insurance benefits effective June 16, 2003. During this period, however, he started up and was the principal in a consulting business and, as a result, the Unemployment Insurance Appeal Board ruled that he was ineligible to receive benefits because he was not totally unemployed. The Board also determined that he had received $10,530 in recoverable payments and reduced his right to receive future benefits by 168 days pursuant to Labor Law § 594. Claimant now appeals.

Whether a claimant is totally unemployed is an issue of fact for the Board to resolve and its determination will be upheld if supported by substantial evidence (*see Matter of Moreira-Brown [Commissioner of Labor]*, 36 AD3d 987, 988 [2007]). "A claimant who actively participates in some manner—even minimally—in his or her own ongoing business may not be considered totally unemployed despite the fact that the business is neither profitable nor fully operational" (*id.* at 988 [citations omitted]; *see Matter of Meister [Commissioner of Labor]*, 43 AD3d 1243, 1244 [2007]). Additionally, it is the responsibility of a claimant to report accurately and "disclose any business activity when certifying for unemployment insurance benefits" (*Matter of Bowlby [Commissioner of Labor]*, 31 AD3d 939, 940 [2006]), and there is no valid defense to making a false statement, even when such misrepresentation is unintentional (*see Matter of Roberts [Commissioner of Labor]*, 49 AD3d 1129, 1129-1130 [2008]; *Matter of Bowlby [Commissioner of Labor]*, 31 AD3d at 940). The Board's determination in this regard will not be disturbed if it is supported by substantial evidence (*see Matter of Barbera [Commissioner of Labor]*, 28 AD3d 973, 975 [2006]).

The record demonstrates that claimant registered as an employer with the Department of Taxation and Finance and applied for and obtained a federal employer identification number in June 2003, opened a business checking account on July 1, 2003 and wrote checks drawing from this account throughout the period, paid his wife as an employee and used the business

to provide health insurance to himself and his wife. Additionally, he deducted expenses and declared losses regarding his consulting business on his tax returns for 2003 and 2004. Claimant also admitted that he organized his consulting business with the aim of generating income and, during the period at issue, claimant had a number of meetings and other communications in furtherance of that purpose. Claimant received an informational booklet that discussed self-employment and starting a business and advised that he should report all activities that could produce income. Throughout this period, however, he failed to report any of these activities and consistently represented that he did not have a business that did or could bring in income. Inasmuch as substantial evidence supports the Board's determinations that claimant was not totally unemployed and that he willfully misrepresented his status and activities while receiving benefits, even though such misrepresentation may have been unintentional, we must affirm (*see Matter of Roberts [Commissioner of Labor]*, 49 AD3d at 1129-1130 [2008]; *Matter of Nigro [Commissioner of Labor]*, 47 AD3d 1040, 1041-1042 [2008]; *Matter of Meister [Commissioner of Labor]*, 43 AD3d at 1244; *Matter of DeOliveira [Commissioner of Labor]*, 36 AD3d 1045, 1045-1046 [2007]).

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.