■ In the Matter of the Claim of VASOS ANTONIOU, Appellant. COMMISSIONER OF LABOR, Respondent. [881 NYS2d 681]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 11, 2008, which, upon reconsideration, ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant, involved in the construction trades, filed for unemployment insurance benefits effective November 29, 2004. During this period, however, he performed services on behalf of the corporation for which he was the president and sole shareholder and, as a result, the Unemployment Insurance Appeal Board, after reconsideration, ruled that he was ineligible to receive benefits because he was not totally unemployed. The Board also determined that he had received $1,943.75 in recoverable payments and reduced his right to receive future benefits. Claimant now appeals.

Whether a claimant is totally unemployed, and thus entitled to receive unemployment benefits, is a factual determination to be made by the Board and its determination will be upheld if supported by substantial evidence (see Matter of Bernard [Commissioner of Labor], 53 AD3d 1006, 1006 [2008]; Matter of Moreira-Brown [Commissioner of Labor], 36 AD3d 987, 988 [2007]). Here, the record supports the Board's determination that claimant was not totally unemployed, inasmuch as he undertook activities in furtherance of his corporation's activities during the benefits period, including writing business checks and pursuing litigation (see Matter of Bernard [Commissioner of Labor], 53 AD3d at 1006; Matter of Bal [Commissioner of Labor], 52 AD3d 1122, 1123 [2008]). Turning to the issue of whether claimant willfully misrepresented his status while receiving benefits, it is the responsibility of a claimant to accurately report any business activity (see Matter of Bernard [Commissioner of Labor], 53 AD3d at 1006; Matter of Bowlby [Commissioner of Labor], 31 AD3d 939, 940 [2006]). Claimant acknowledged that he received the informational booklet that discussed self-employment and that he certified that he had not worked in self-employment or conducted business activity during the benefit period. As such, we find that substantial evidence supports the Board's determination that claimant will-

fully misrepresented his employment status and, thus, we decline to disturb its decision with regard to recoverable benefits and forfeiture of future benefits (*see Matter of Bernard [Commissioner of Labor]*, 53 AD3d at 1007; *Matter of Schulman [Commissioner of Labor]*, 9 AD3d 647, 648 [2004], *lv denied* 4 NY3d 708 [2005]).

Cardona, P.J., Peters, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.