■ In the Matter of the Claim of JEFFERY I. BERNSTEIN, Appellant. COMMISSIONER OF LABOR, Respondent. [889 NYS2d 721]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 22, 2008, which, upon reconsideration, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

In April 2004, claimant established a limited liability company for the purpose of setting up an investment hedge fund. Claimant's initial investment was $30,000 and total investment in the endeavor amounted to some $185,000. Subsequently, claimant accepted employment with a financial management company, but that employment ended in February 2007. In May 2007, claimant applied for and was denied unemployment insurance benefits, and the Unemployment Insurance Appeal Board ultimately ruled that he was ineligible to receive such benefits because his continued participation with the limited liability company rendered him not totally unemployed. Claimant now appeals.

Whether a claimant is totally unemployed and, thus, entitled to receive unemployment benefits is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence (*see Matter of Antoniou [Commissioner of Labor]*, 64 AD3d 853, 853 [2009]; *Matter of Bernard [Commissioner of Labor]*, 53 AD3d 1006, 1006 [2008]). A claimant who is a principal in an ongoing corporation will not be considered totally unemployed if he or she stands to benefit financially

from its continued operation, no matter how minimal the activities performed on its behalf (*see Matter of Thomas [Commissioner of Labor]*, 58 AD3d 1099, 1099-1100 [2009]; *Matter of Spielman [Commissioner of Labor]*, 42 AD3d 621, 622 [2007]). Here, the Board's decision was supported by substantial evidence. Claimant made admissions, both during the hearing and on a questionnaire that he completed in June 2007, that the company was an ongoing concern of which he was the chief executive officer, he held 90% of its equity and 100% of the voting rights, and he was still engaged in solicitation for further business. In addition, he admitted that the company maintained a Web site and bank account, he had company mail and telephone calls forwarded to him, he continued to write checks on behalf of the company and he continued to take substantial business deductions on his personal income tax returns (*see Matter of Antoniou [Commissioner of Labor]*, 64 AD3d at 853; *Matter of Thomas [Commissioner of Labor]*, 58 AD3d at 1100).

Cardona, P.J., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.