Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 6, 2012, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
Substantial evidence supports the determination that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed. The record establishes that, during the period in which claimant received unemployment insurance benefits, she worked in the evenings and on weekends as a licensed real estate agent. Specifically, claimant testified that, while receiving benefits, she attended meetings and training sessions in a real estate office, handed out business cards, used her cell phone to make and receive business calls, advertised properties, held open houses, showed property to clients, negotiated sales, contacted inspectors, prepared extensive paper work and closed two deals that earned her commissions. Such activities, which were in furtherance of a plan to produce income, constitute employment (see Matter of Petrillo [Commissioner of Labor], 2 AD3d 948 [2003]; Matter of Melnick [Commissioner of Labor], 268 AD2d 863, 864 [2000]; Matter of Savage [Commissioner of Labor], 253 AD2d 924, 924 [1998]). We also reject claimant’s argument that her confusion regarding the reporting requirement rendered her conduct not willful. Claimant received and read a copy of the Department of Labor handbook that explained that such activities were to be reported, notwithstanding any lack of compensation. Nevertheless, claimant indicated on her certification for benefits that she was not involved in any business activity. Because it is the responsibility of a claimant to ensure accurate reporting regarding any business activity when certifying for unemployment insurance benefits, substantial evidence supports the Board’s *1283 finding that claimant made false statements to obtain benefits, even if it was unintentional, which is insufficient (see Matter of Bowlby [Commissioner of Labor], 31 AD3d 939, 940 [2006]; Matter of Petrillo [Commissioner of Labor], 2 AD3d at 949).
Rose, J.P., Lahtinen, Spain and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.