■ In the Matter of the Claim of JOSEPHINE S. BOSCARINO, Appellant. COMMISSIONER OF LABOR, Respondent. [984 NYS2d 487]—

McCarthy, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 22, 2013, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

After losing her job at a commercial bank, claimant filed an original claim for unemployment insurance benefits, effective November 2008, and a subsequent claim, effective November 2009. She received various types of compensation, including regular unemployment insurance benefits, extended unemployment insurance benefits, emergency unemployment compensation benefits (see Pub L 110-252, tit IV, § 4001 et seq., 122 US Stat 2323) and federal additional unemployment compensation benefits (see 26 USC § 3304) during a 19-month period ending in October 2010. In March 2009, she started a business selling fashion accessories and engaged in various activities in furtherance of the business, including leasing commercial space, until around the time that the lease expired in September 2011.[1] She did not disclose these activities to the Department of Labor when certifying for benefits.

The Department of Labor issued initial determinations that found claimant ineligible to receive benefits because she was not totally unemployed during the time periods at issue, charged her with recoverable overpayments of the different types of benefits she received and imposed forfeiture penalties reducing her right to receive future benefits on the ground that she made willful misrepresentations to obtain benefits. Following a hearing, an Administrative Law Judge (hereinafter ALJ) modified the initial determinations and found, among other things, that claimant lacked total unemployment only on those dates that she actually performed activities related to the business, and overruled the initial determinations in this respect. The Unemployment Insurance Appeal Board disagreed with the ALJ and concluded that claimant lacked total unemployment during all of the time periods at issue. The Board further found that claimant was properly charged with recoverable overpayments for benefits received in the total amount of $31,592.50 and that the forfeiture penalties amounting to a total reduction of 600 days were properly imposed.[2] Claimant now appeals.

Initially, whether a claimant is totally unemployed and thereby entitled to receive unemployment insurance benefits is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence (see Matter of Antoniou [Commissioner of Labor], 64 AD3d 853, 853 [2009]: Matter of Bernard [Commissioner of Labor], 53 AD3d 1006,

---

1. Claimant filed a certificate with the Monroe County Clerk formally discontinuing the business in March 2012.

2. The Board modified the initial determination by finding claimant ineligible effective March 31, 2009 rather than March 23, 2009, with a related modification of the penalty.

1006 [2008]). A claimant who performs activities on behalf of a business, even if minimal, will not be considered to be totally unemployed so long as he or she potentially stands to gain a financial benefit from the continued operation of the business (*see Matter of Burnette [Commissioner of Labor]*, 98 AD3d 785, 786 [2012]; *Matter of Germanow [Commissioner of Labor]*, 56 AD3d 923, 924 [2008]). Significantly, it does not matter if the business is profitable (*see Matter of Bessy [Commissioner of Labor]*, 57 AD3d 1048, 1049 [2008]).

Here, claimant performed a number of activities in furtherance of the business between March 2009 and October 2010. Specifically, she filed a certificate of doing business, leased commercial space, hired a contractor to alter the space, obtained a sign permit, displayed a sign, obtained business cards, secured a phone line, opened a business checking account, paid business-related expenses, made trips to New York City to purchase merchandise, obtained a New York tax identification number, sold merchandise and took business losses on her personal income tax returns. Claimant's activities were by no means minimal, even though she limited access to her merchandise and did not make sales on a regular basis. Rather, in the overall scheme of cultivating the business, claimant's activities were continuous and meaningful, potentially leading to financial reward. Accordingly, we find that substantial evidence supports the Board's finding that claimant was not totally unemployed during the period that she was receiving benefits, notwithstanding the fact that the business was not then generating a profit (*see Matter of Martz [Commissioner of Labor]*, 273 AD2d 578, 578 [2000]; *Matter of Trippodi [Sweeney]*, 232 AD2d 715, 716 [1996]). The cases relied upon by claimant do not compel a contrary conclusion as they are factually distinguishable from the case at hand (*compare Matter of Lewis [Commissioner of Labor]*, 106 AD3d 1313 [2013]; *Matter of Battaglia [Commissioner of Labor]*, 8 AD3d 937 [2004]; *Matter of Alm [Commissioner of Labor]*, 302 AD2d 777 [2003]).

Turning to the issue of willfulness, a claimant is responsible to accurately report and disclose any business activity when certifying for benefits (*see Matter of Bernard [Commissioner of Labor]*, 53 AD3d at 1006; *Matter of Albarella [Commissioner of Labor]*, 307 AD2d 573, 574 [2003]). "Notably, 'there is no acceptable defense to making a false statement' . . . and a claim that the misrepresentation was unintentional is not sufficient" (*Matter of Bowlby [Commissioner of Labor]*, 31 AD3d 939, 940 [2006], quoting *Matter of Silverstein [Sweeney]*, 236 AD2d 757, 758 [1997] [citations omitted]; *see Matter of Bernard [Commis-*

*sioner of Labor]*, 53 AD3d at 1006). Here, claimant admitted that she did not disclose her business activities when certifying for benefits and indicated that she did not know that she had to do so, even though she did not read the unemployment insurance handbook or ask the Department of Labor's representatives for advice. She maintained that she relied upon the advice of her certified public accountant, who told her that she did not have to report her business activity because the business was not generating income. Inasmuch as reliance upon erroneous advice is not an acceptable excuse (*see Matter of Keegan [Commissioner of Labor]*, 306 AD2d 740, 740 [2003]; *Matter of Scott [New York Law School—Commissioner of Labor]*, 257 AD2d 871, 872 [1999], *lv denied* 93 NY2d 808 [1999]), we find no reason to disturb the Board's imposition of recoverable overpayments and forfeiture penalties based upon claimant's willful misrepresentations. Therefore, we affirm the Board's decision.

Stein, J.P., Rose and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.