*1260 Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 31, 2012, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
Claimant, a financial advisor for a bank whose employment was terminated, applied for and received unemployment insurance benefits for the period of December 2010 to March 2011. At the same time that he began collecting benefits, claimant formed a limited liability corporation, the purpose of which was to provide corporate financial consulting services. The Unemployment Insurance Appeal Board ultimately determined that claimant was ineligible to receive unemployment insurance benefits during the period in question because he was not totally unemployed, charged him with a recoverable overpayment of benefits and reduced his right to receive future benefits by 112 days. Claimant appeals.
We affirm. “A claimant who actively participates in his or her own business will not necessarily be considered totally unemployed even if his or her activities are minimal and the business is not profitable” (Matter of McDonald [Commissioner of Labor], 26 AD3d 636, 637 [2006] [citations omitted]; see Matter of Lapczynski [Commissioner of Labor], 43 AD3d 523, 523-524 [2007]; Matter of Moreira-Brown [Commissioner of Labor], 36 AD3d 987, 988 [2007]). Here, on behalf of the corporation, claimant obtained a credit card and opened a bank account with an initial deposit of $25,000. He wrote checks against the account for office furniture, charged travel expenses and solicited business. Although claimant did not receive any income through the corporation during the time he was collecting benefits, he intended to make money with it, and the record reflects that the corporation was still operating after claimant stopped collecting benefits and it ultimately generated income. Accordingly, the Board’s determination that claimant was not totally unemployed is supported by substantial evidence and will not be disturbed (see Matter of Siegel [Commissioner of Labor], 43 AD3d 1224, 1224-1225 [2007]).
Further, “it is well settled that a claimant is responsible for accurate reporting and must disclose any business activity when certifying for unemployment insurance benefits” (Matter of Bowlby [Commissioner of Labor], 31 AD3d 939, 940 [2006]). The record reflects that claimant received an unemployment insurance handbook that states that operating or starting a business is considered employment, even if no compensation was *1261 received, and such activity must be reported. Despite this information, claimant certified that he was not employed or self-employed during the benefits period. As to claimant’s testimony that he was given misinformation by a Department of Labor representative, the representative offered contrary testimony, creating a credibility issue for the Board to resolve (see Matter of Yamamura [Commissioner of Labor], 111 AD3d 1049, 1050 [2013]). Under these circumstances, the Board’s determination that claimant made willful misrepresentations in order to receive benefits is supported by substantial evidence (see Matter of Muldowney [Commissioner of Labor], 107 AD3d 1282, 1282-1283 [2013]; Matter of Chirico [Commissioner of Labor], 49 AD3d 1104, 1105-1106 [2008]).
Peters, P.J., Lahtinen, McCarthy and Rose, JJ., concur.
Ordered that the decision is affirmed, without costs.