*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 2, 2014                    518441
_____

In the Matter of the Claim of
    JUAN E. ROMERO,
                    Appellant.

                                        MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

                    _____

        Juan E. Romero, New York City, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for respondent.

                    _____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed March 18, 2013, which, among other things, ruled
that claimant was ineligible to receive unemployment insurance
benefits because he was not totally unemployed.

        Claimant had been employed in the fashion industry for a
number of years and, following a break in employment, filed an
application for unemployment insurance benefits in December 2010.
In September 2011, claimant formed a corporation to import and
sell clothing manufactured overseas, and he thereafter performed
a number of activities in connection with this business that he
did not disclose when certifying for benefits.  The Department of
Labor subsequently issued initial determinations finding that
claimant was ineligible to receive benefits because he was not
totally unemployed and imposing a recoverable overpayment and a
forfeiture penalty based upon claimant's willful
misrepresentation to obtain benefits.  These determinations were

upheld by an Administrative Law Judge and later by the Unemployment Insurance Appeal Board.  Claimant now appeals.

Whether a claimant is totally unemployed is a factual issue for the Board to decide, and its determination will be upheld if supported by substantial evidence (see Matter of Lewis [Commissioner of Labor], 106 AD3d 1313, 1313 [2013]; Matter of Bernstein [Commissioner of Labor], 67 AD3d 1287, 1287 [2009]).  A claimant who performs activities on behalf of an ongoing business may not be considered totally unemployed, even if such activities are minimal or the business is not profitable, if he or she stands to benefit financially from its continued operation (see Matter of Lewis [Commissioner of Labor], 106 AD3d at 1313; Matter of Dupey [Commissioner of Labor], 79 AD3d 1508, 1508-1509 [2010]).  Here, claimant incorporated the business, opened a business checking account, created a business logo, started developing a business website, distributed business cards, attended seminars and trade shows and had apparel samples made by overseas manufacturers, all in furtherance of establishing a lucrative business.  Notwithstanding the fact that claimant was not receiving income from the business, substantial evidence supports the Board's decision that he was not totally unemployed (see Matter of Siegel [Commissioner of Labor], 43 AD3d 1224, 1225 [2007]).  Furthermore, given that claimant read the provisions of the unemployment insurance handbook relating to self-employment, but represented that he was not working when certifying for benefits, we find no reason to disturb the Board's finding that he made a willful misrepresentation — even if it was unintentional (see Matter of Bernard [Commissioner of Labor], 53 AD3d 1006, 1007 [2008]).

Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ., concur.

-3-                    518441

ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court