■ In the Matter of the Claim of RALPH E. SLAYTON, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 9, 1982, which ruled that claimant was ineligible to receive benefits, charged him with a recoverable overpayment of benefits, and imposed a forfeiture of effective days as a penalty in reduction of future benefits. The record reveals that claimant's employment as a drama teacher at the Herkimer County Community College came to an end under nondisqualifying circumstances in August of 1979. Thereafter, he provided the moving force behind the formation and incorporation of a not-for-profit corporation known as the "Theater of Little People of Herkimer, Inc." (hereinafter theater). Its purpose was to kindle an interest in and to instruct the young people of the community in the dramatic arts. Initially, the theater was supported by private contributions, receipts from admissions and various fund raising activities. Claimant assisted in all of the fund raising and also served as a paid artistic director. When the theater was successful in getting a CETA grant, claimant was hired to be its director at an annual salary of $9,600. When CETA funds were fully expended in August of 1979, claimant applied for unemployment insurance benefits but concededly continued to perform the same duties and to the same extent as when he was on the payroll. Among those duties was the task of seeking funds to keep the theater going. Claimant and his associates apparently met with some success for he was restored to the payroll in February of 1980. Subsequently, from August 4, 1980 through November 23, 1980, from January 12, 1981 through March 29, 1981 and from August 17, 1981 through December 27, 1981, when the theater's funds were exhausted or substantially depleted, claimant was again taken off the payroll but he nonetheless continued to work in the same fashion as when he was actually on the payroll. In sum, during these layoff periods, claimant drew benefits but concededly continued to work in a fashion precisely as when he was receiving a salary. Despite these circumstances, he indicated in weekly certifications, as well as in his eligibility questionnaires, that he was totally unemployed and not engaged in any activity that brings or may bring in income. In explanation and defense of this conduct, claimant contended that he informed the claims personnel of the local office of these work activities and that they indicated that such activity did not constitute employment. The board found that claimant was not totally unemployed and that he made willful false statements in order to obtain benefits. Claimant appeals from that decision. We note first that claimant's explanation was vigorously disputed and rejected by the board. The board found that any such revelation, if any there was, was in connection with a previous claim filed by claimant that was under investigation and that claimant's experience in connection with that claim was such that he knew he was under an obligation to fully report any work activity. Turning to the finding that claimant was not totally unemployed, it is well established that the construction and application given to the term "total unemployment" by the board must be upheld unless it

can be said to lack a rational basis or be arbitrary or capricious (*Matter of Reitman [Catherwood]*, 27 AD2d 678). Concededly, claimant, during all of the times that he was not on the theater payroll and was receiving unemployment insurance benefits, carried out his regular duties for the theater in precisely the same manner and to the same extent as when on its payroll. Moreover, he did so, as he testified, with the expectation that it would provide him future benefits in that it would enhance his chances of re-employment with the theater and develop his job skills. Hence, it is clear that the board's decision that claimant was not totally unemployed is amply supported by substantial evidence, has a rational basis and is neither arbitrary nor capricious. With respect to the issue of willfulness, we find the record to be supportive of the board's determination that the benefits paid are recoverable (Labor Law, § 597, subd 4). Contrary to claimant's urging, *Matter of Valvo (Ross)* (83 AD2d 344, affd 57 NY2d 116) provides him with no assistance. That case held that, in certain circumstances, a claimant's weekly certification of total unemployment, standing alone and without more, could not, as a matter of law, be considered a "false statement" within the meaning of subdivision 4 of section 597 of the Labor Law. At bar we have much more. The claimant in *Valvo (supra)* filled in the information on the face of some checks, filled out the stubs and did the necessary arithmetic without thought or expectation of compensation in any form but purely as a favor to her former employer. Aside from this she performed none of the job requirements. At most the claimant may have drawn the wrong legal conclusion as to whether her activities constituted employment and, as found, there was no evidence to support a finding that she knowingly misrepresented her status or that she willfully failed to disclose pertinent facts. At bar, claimant concededly continued to perform the job requirements precisely as he had done while on the payroll and he did so for the express purposes of enhancing his chances of re-employment with the theater and of developing his job skills. Claimant, holder of a doctor's degree, was hardly unsophisticated and his past experience with the unemployment insurance law exposed him to its requirements for eligibility. In the light of these factors, claimant's actions in repeatedly certifying that he performed no work in either employment or self-employment and that he had no expectation of future benefits misrepresented reality. The board's decision finding that claimant made willful misrepresentations in order to obtain benefits, thereby justifying the recovery of benefits paid and the imposition of a penalty, is fully supported by substantial evidence and must be upheld. Decision affirmed, without costs. Mahoney, P. J., Main, Yesawich, Jr., and Weiss, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The claimant's candid revelations of his activities with the theater made on three occasions to the agency contradict a finding of willful misrepresentation. The first statement was made November 17, 1976 while he was being paid benefits and during which time the theater was formed. On June 22, 1978, he made another statement to the agency reiterating his involvement with the theater before and during the time when the theater's CETA funding was in effect. On April 21, 1981, he again made a statement about his continuing involvement with the theater and, also, on January 4, 1982. He was never instructed by the agency that such activities constituted employment and to desist therefrom while on unemployment. The failure of the agency to disqualify him as to benefits lulled him into failing to comprehend that his activities were employment. Since the periods in issue here were in 1979, 1980 and 1981, there is no authority to review periods prior to January 14, 1981 absent fraud or willful misrepresentation. As to periods subsequent to January 14, 1981, I conclude that claimant's weekly certification of no employment accorded with his understanding that his

volunteer work did not constitute employment and that the benefits were accepted by him in good faith. Those benefits are, therefore, also not recoverable (see Labor Law, § 597, subd 4; *Matter of Valvo [Ross]*, 83 AD2d 344, affd 57 NY2d 116). The decision should be reversed.