THIRD DEPARTMENT, OCTOBER, 1996

(October 3, 1996)

■ In the Matter of the Claim of DONNA M. DE MARIA, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [647 NYS2d 872] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 24, 1995, which reduced claimant's right to receive future unemployment insurance benefits because she made willful false statements.

Claimant is one of the incorporators and the president of a not-for-profit corporation which provides housing for homeless persons. She received compensation for working at a shelter run by the corporation. After the shelter closed for the season, claimant filed a claim for unemployment insurance benefits. Although claimant initially received unemployment insurance benefits, the Board subsequently deemed her ineligible because she was not totally unemployed and charged her with a recoverable overpayment. In addition, the Board reduced claimant's right to receive future benefits on the ground that she made willful false statements. Claimant argues, *inter alia,* that the Board's decision that she made willful false statements is not supported by substantial evidence. Based upon our review of the record, we disagree.

At the hearing, claimant admitted that she gave false information on her application for benefits by stating that she was not an officer of a corporation. She explained that she did not feel the disclosure of her title as president was important because she did not have any official functions and was named to this position solely for the purpose of incorporation. Claimant also admitted that she did not inform the local unemployment insurance office of many activities she performed on behalf of the corporation after the shelter closed. She stated that she did not believe it was necessary to report these activities because she performed them as a volunteer. In view of claimant's testimony, we find that substantial evidence sup-

ports the Board's decision that claimant made willful false statements to obtain benefits (*see, Matter of Slayton [Roberts]*, 96 AD2d 1005). We have considered claimant's other contentions and find them to be unavailing.

Mikoll, J. P., Crew III and White, JJ., concur.

Casey, J. (dissenting). The Board originally remanded this matter on the issue of willful misrepresentation to obtain benefits, with specific instructions which included the following: "Further relevant testimony and evidence should be taken regarding the number and frequency of check writing and other activities which the claimant performed on behalf of the corporation. It shall be determined if the claimant should have known, as a result of the concerted or time-consuming nature of her activities on behalf of the corporation, that her certifications to not having worked in employment or self-employment were misrepresentations of reality."

The required hearing was held, but instead of complying with the Board's instructions, the Administrative Law Judge found that claimant "did not take appropriate action to resolve any questions by coming to the unemployment insurance office". The Board adopted these findings, without offering any explanation for its failure to require adherence to the instructions contained in its prior decision. As the Board neither followed its prior decision nor explained its failure to do so, its decision is irrational regardless of whether there is substantial evidence to support the Board's decision (*see, Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520-521). The appropriate remedy is to modify the decision by reversing so much thereof as found willful misrepresentation and ordered a forfeiture of effective days (*see, Matter of Barber [Roberts]*, 121 AD2d 767).

Mercure, J., concurs. Ordered that the decision is affirmed, without costs.