■ In the Matter of the Claim of NANCY SOLOMON, Appellant. COMMISSIONER OF LABOR, Respondent. [681 NYS2d 413] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 29, 1997, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant, a folklorist, appeals a decision holding that she was ineligible to receive unemployment insurance benefits during the period between July 5, 1993 through January 23, 1994 and from February 21, 1994 through March 13, 1994, when she performed unpaid work on behalf of a not-for-profit corporation formed in April 1991 whose purpose was to conduct research on the heritage and traditions of Long Island. Claimant was a founding member of the board of directors of this corporation which used claimant's home address and telephone number for its records. Claimant maintained the corporation's financial records at her home and was the only person autho-

rized to issue checks on the corporate account. Claimant assisted in planning events, attending conferences and publishing a newsletter on behalf of the corporation. Although the record indicates that the corporation did not raise funds in 1991 or 1992, the corporation thereafter began receiving a number of grants and charitable contributions. Although claimant was not formally hired as an employee of the corporation until some 18 months after her unemployment insurance benefits expired, she nevertheless performed some paid services for the corporation prior to her employment both before and after the periods she claimed unemployment insurance benefits.

Based on our review of the record, we conclude that there is substantial evidence to support the Unemployment Insurance Appeal Board's conclusion that claimant's ongoing and substantial, albeit uncompensated, efforts on the part of the corporation during the period she collected unemployment insurance benefits were sufficient to establish that claimant was not totally unemployed and that she reasonably anticipated that her efforts would result in compensation in the future (*see,* *Matter of Martini [Hartnett],* 170 AD2d 729; *Matter of Slayton [Roberts],* 96 AD2d 1005). Finally, there is substantial evidence to support the conclusion that willful false statements were made by claimant to obtain benefits and that the benefits were recoverable (*see, Matter of De Maria [Sweeney],* 232 AD2d 670, 670-671).

Mikoll, J. P., White, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.