■ In the Matter of the Claim of JOHN A. WHITAKER, Appellant. COMMISSIONER OF LABOR, Respondent. [692 NYS2d 507] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 27, 1998, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

In November 1993, claimant and his wife filed a certificate of doing business as Colonial Court Motel, a sole proprietorship in which ownership was divided equally between claimant and his wife. Although claimant and his wife reside year-round in a house which is situated on the same property, the motel only opens each year from Memorial Day to Labor Day. Both claimant and his wife were authorized signatories on the motel's checking account. Claimant's wife handles the paper work and bills while claimant performs the maintenance and repairs. Notably, in September 1996, following the closure of the motel for the off-season, claimant applied for unemployment insurance benefits. Claimant and his wife jointly filed a Schedule C (business income and loss) with their tax return for 1996 in which advantageous deductions were taken reflecting expenses attributable to the business. The Unemployment Insurance Appeal Board ultimately found claimant ineligible to receive unemployment insurance benefits on the ground that he was not totally unemployed and charged him with a recoverable overpayment of benefits.

We affirm. The Board's assessment of claimant's credibility and the inferences drawn from the evidence presented are supported by substantial evidence (*see, Matter of Falco [Sweeney]*, 246 AD2d 711, *lv denied* 92 NY2d 815). Significantly, as this Court has previously recognized "a claimant who owns an active business is not totally unemployed, even if the business in question has produced no income, is in a seasonal lull or is not in full operation during the relevant period" (*Matter of Kelly [Commissioner of Labor]*, 250 AD2d 918). Since the record clearly supports the Board's conclusion that claimant stood to

gain financially from the continued operation of the motel, we decline to disturb its decision based upon claimant's claimed idleness during the motel's off-season (*see, id.; see also, Matter of Moreira [Commissioner of Labor]*, 251 AD2d 946; *Matter of Brooke [Commissioner of Labor]*, 250 AD2d 910, 911). The remaining contentions advanced by claimant have been examined and found to be unpersuasive.

Cardona, P. J., Mikoll, Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.