■ In the Matter of the Claim of WILLIAM J. ROMA, Appellant. COMMISSIONER OF LABOR, Respondent. [696 NYS2d 260] —Graffeo, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 28, 1998, which, upon reconsideration, adhered to its prior decisions ruling, *inter alia*, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

The Unemployment Insurance Appeal Board determined that claimant, who worked as an electrical wire installer for his brother's contracting business, was not totally unemployed during the three separate periods he received unemployment insurance benefits. During the relevant periods, claimant's brother issued 35 corporate checks, totaling more than $21,000, made payable to cash or to claimant's wife. The testimony at the hearing revealed that claimant's wife would endorse and cash the drafts and she asserted that all moneys were returned to her husband's brother. One of the checks, in the amount of $420, was made payable to claimant. No evidence was presented of any loan payments due claimant or his wife. Claimant testified that he was never home when his brother delivered the checks and he did not inquire why his brother needed his wife to cash the checks. Claimant's wife and brother both explained that she performed this "favor" so that claimant's brother could maintain a cash flow for his business without incurring bank fees for drawing against checks which had not yet cleared.

We find substantial evidence to support the Board's conclusion that claimant was not totally unemployed during the time periods at issue. Notably, whether a claimant is totally unemployed is a factual issue for the Board to decide (*see, Matter of Kaufman [Hartnett]*, 178 AD2d 882, 883). Significantly, the Board found the testimony of claimant and his brother to be incredible. Although afforded an opportunity to do so, claimant's brother failed to present proof supporting his claim that he requested claimant's wife to cash checks for him at times other than when claimant was collecting unemployment insurance benefits. Furthermore, no employee time records were introduced in evidence by claimant or his employer to dispute the allegations concerning claimant's disqualification for benefits. Noting that the contracting firm had gross revenues between $360,000 and $515,000 during the years at issue, the Board rejected the employer's explanation that the arrangement was an attempt to avoid bank charges, especially since the employer's bank fees increased threefold during this time period. Based on the Board's credibility assessments and the inferences drawn from the evidence presented, the Board's determination is supported by substantial evidence (*see, Matter of Whitaker [Commissioner of Labor]*, 262 AD2d 912). Finally, given the factual circumstances, there is also substantial evidence to support the conclusion that willful false statements were made by claimant to obtain benefits and that the benefits were recoverable (*see, Matter of De Maria [Sweeney]*, 232 AD2d 670, 670-671).

Cardona, P. J., Mikoll, Peters and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.