■ In the Matter of the Claim of ROBERT A. DEYNEKA, Appellant. COMMISSIONER OF LABOR, Respondent. [707 NYS2d 720] —Cardona, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 9, 1998, which, *inter alia,* ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant was employed by his father's wholesale plant nursery and was a partner with his brother in a landscaping business which operated from the same location. In 1993, claimant's brother became the sole proprietor of both businesses which were consolidated. Thereafter, claimant continued working for his brother's business and filed claims for unemployment in-

surance benefits for approximately six months each year, representing that he was laid off due to a lack of winter work. As a result of activities claimant performed during the periods he collected unemployment insurance benefits, the Unemployment Insurance Appeal Board ruled, *inter alia*, that claimant was not totally unemployed and made willful misrepresentations to obtain benefits.

The record discloses that, during the time he collected unemployment insurance benefits, claimant was an authorized signatory on his brother's business checking account and wrote approximately 19 checks to pay various suppliers. In addition, claimant loaned money to his brother which was sometimes repaid by business check. Furthermore, in connection with his application for unemployment insurance benefits, claimant acknowledged that he was informed that he was required to report any activities performed on behalf of a relative or a business wholly or partly owned by a relative, which he failed to do.

We note that the question of total unemployment is a factual issue for the Board to resolve (*see, Matter of Roma [Commissioner of Labor]*, 265 AD2d 634). Although claimant's involvement in his brother's business was minimal, we find that substantial evidence supports the Board's conclusion that claimant was not totally unemployed during the time periods at issue (*see, Matter of Weinstein [Commissioner of Labor]*, 254 AD2d 656; *Matter of Di Pietro [Commissioner of Labor]*, 250 AD2d 916; *Matter of Brooke [Commissioner of Labor]*, 250 AD2d 910). We have considered claimant's remaining arguments and find them to be without merit.

Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.