■ In the Matter of the Claim of EUGENE RODRIGUEZ, Appellant. COMMISSIONER OF LABOR, Respondent. [725 NYS2d 684] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed December 30, 1999, which, upon reconsideration, adhered to its prior decision ruling, *inter alia*, that claimant was ineligible to receive unemployment insur-

ance benefits because he was not totally unemployed, and (2) from a decision of said Board, filed February 23, 2000, which denied claimant's application to reopen the previous decision.

Claimant, the founder of a not-for-profit corporation which operated an art museum, had been employed by the corporation for over 20 years in various capacities, including executive director. In 1997, the corporation began experiencing financial difficulties and claimant resigned from his salaried position but remained as an unpaid trustee of the corporation. He thereafter collected unemployment insurance benefits from September 1997 until April 1998. The Unemployment Insurance Appeal Board subsequently determined that claimant was ineligible to receive benefits on the basis that he was not totally unemployed inasmuch as he continued to perform services for the corporation during the relevant time period. The Board then charged claimant with an overpayment of $7,800 in recoverable benefits, determined that his continued certification of eligibility amounted to a willful misrepresentation and reduced his right to receive future benefits by 208 effective days.

We affirm. The record indicates that during the relevant time period claimant continued to perform substantial services for the corporation, including opening the museum for business, interacting with volunteers and interns who worked for the museum and paying the museum's financial obligations out of the corporate account as he was authorized to sign checks on its behalf. Claimant also testified that he checked the corporation's mail and telephone messages to ascertain whether it had received any previously applied for grant money or donations which would enable him to return to his position as a salaried employee. Under these circumstances, substantial evidence supports the Board's determination that claimant's ongoing uncompensated efforts and services on behalf of the not-for-profit corporation were provided with the intention that they would result in future compensation, despite the fact that he was not receiving remuneration from the corporation during the period in question (see, Matter of Falus [Commissioner of Labor], 276 AD2d 1009; Matter of Solomon [Commissioner of Labor], 256 AD2d 774). Further, we find that claimant's failure to disclose these activities while continuing to certify his eligibility to receive benefits constituted a willful misrepresentation (see, Matter of Srinivasan [Commissioner of Labor], 275 AD2d 846; Matter of Murak [Sweeney], 244 AD2d 751).

Claimant's remaining arguments have been examined and found to be unpersuasive.

Peters, J. P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.