■ In the Matter of the Claim of JOHN A. BOTHE, Appellant. COMMISSIONER OF LABOR, Respondent. [781 NYS2d 719]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 5, 2003, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed. The record establishes that claimant purchased radio broadcasting time and hosted a sports radio show, which was produced with the help of the radio station's operations manager, who claimant paid. Claimant passed out business cards to promote himself as a sports radio announcer and attract potential advertisers for the show. Regardless of the fact that claimant had yet to generate income from his efforts, the record establishes that claimant engaged in his broadcasting activities in anticipation of financial gain, either through eventual profits received from the advertisers or an offer from a potential employer. Accordingly, the Board's decision will not be disturbed (*see Matter of Rostolder [Commissioner of Labor]*, 3 AD3d 773 [2004]; *Matter of Eisenstadt [Commissioner of Labor]*, 300 AD2d 729 [2002]).

We also find no reason to disturb the Board's finding that claimant made willful false statements to obtain unemployment insurance benefits. Inasmuch as claimant received the unemployment insurance benefits handbook which advised that all work must be reported regardless of the lack of remuneration, his failure to disclose his broadcasting activities when certifying for benefits provides substantial evidence to support the Board's

decision that claimant made willful false statements (*see Matter of Lynch [Commissioner of Labor]*, 1 AD3d 783 [2003]; *Matter of Schenker [Commissioner of Labor]*, 284 AD2d 765, 766 [2001]). Failure to read the handbook is not an acceptable defense (*see Matter of Perkins [Commissioner of Labor]*, 256 AD2d 679 [1998]).

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.