■ In the Matter of the Claim of Cynthia A. Ibrahim, Appellant. Commissioner of Labor, Respondent. [846 NYS2d 452]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 15, 2005, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Substantial evidence supports the Unemployment Insurance Appeal Board's ruling that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed (*see Matter of Oles [Commissioner of Labor]*, 21 AD3d 1188, 1188-1189 [2005]; *Matter of Sarubbi [Commissioner of Labor]*, 9 AD3d 723, 723-724 [2004]). Claimant managed a seasonal motel and also maintained an ownership interest in the limited liability company which operated the motel. Although claimant sought and obtained benefits only during the motel's off-season, the record establishes that, during the time in which she received those benefits, she performed services which benefitted the motel's business, including writing monthly checks to pay utility bills and other expenses. Thus, inasmuch as claimant stood to gain financially from the motel's continued operation, she was not totally unemployed within the meaning of the Labor Law (*see Matter of Bundschuh [Commissioner of Labor]*, 288 AD2d 745, 746 [2001]; *Matter of Whitaker [Commissioner of Labor]*, 262 AD2d 912, 912-913 [1999]).

Substantial evidence also supports the Board's finding that claimant made willful misrepresentations to obtain benefits, thereby justifying the charging of a recoverable overpayment and forfeiture of future benefits (*see Matter of Cefalu [Commissioner of Labor]*, 41 AD3d 1088, 1088-1089 [2007]).

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.