■ In the Matter of the Claim of ALTON DAVIS, Appellant. COMMISSIONER OF LABOR, Respondent. [855 NYS2d 305]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 2, 2007, which, among other things, ruled

that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

A claimant who performs activities on behalf of a business, even if such activities are minimal and do not generate income, will not be considered totally unemployed, " 'provided that the claimant stands to benefit financially from the continued existence of the business' " (*Matter of Siegel [Commissioner of Labor]*, 43 AD3d 1224, 1224-1225 [2007], quoting *Matter of Swan [Commissioner of Labor]*, 40 AD3d 1295, 1295 [2007]). Here, claimant testified that, at the time he was certifying for benefits, he was the owner of a corporation he formed for the purpose of recording and marketing music and, in connection therewith, he actively worked toward improving and "mastering" his songs with the goal of selling them. Accordingly, substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed (*see Matter of Ibrahim [Commissioner of Labor]*, 45 AD3d 1128 [2007]; *Matter of Landry [Commissioner of Labor]*, 45 AD3d 1020, 1021 [2007]).

Furthermore, the fact that claimant received an informational handbook informing him of the obligation to report any business activity that could generate income but failed to do so is sufficient to support the determination that claimant made false statements of fact permitting the recovery of benefits (*see* Labor Law § 597 [4]; *Matter of Bothe [Commissioner of Labor]*, 10 AD3d 759, 759-760 [2004]; *Matter of Raspallo [Commissioner of Labor]*, 10 AD3d 751, 751-752 [2004]). That claimant admittedly did not read the handbook does not provide him with a defense (*see Matter of Bothe [Commissioner of Labor]*, 10 AD3d at 760).

Peters, J.P., Carpinello, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.