In the Matter of the Claim of Brent D. Smith, Appellant. Commissioner of Labor, Respondent. [863 NYS2d 267]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 23, 2007, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

In 1991, claimant became the sole proprietor of a golf pro shop located at the Tupper Lake Country Club in Franklin County. He operated the shop from April 15 to October 15 of each year and, during the off season, he applied for unemployment insurance benefits. Claimant filed original claims for benefits effective January 14, 2002, February 3, 2003, February 9, 2004, February 14, 2005 and February 20, 2006 and received benefits totaling $14,205.50. The Unemployment Insurance Ap-

peal Board subsequently ruled that he was ineligible to receive benefits during the time periods at issue because he was not totally unemployed. It also charged him with a recoverable overpayment of benefits pursuant to Labor Law § 597 (4) and imposed forfeiture penalties. Claimant appeals.

We modify. "It is well settled that a claimant who performs activities on behalf of an ongoing business will not be considered totally unemployed even if such activities are minimal, provided that the claimant stands to benefit financially from the continued existence of the business" (*Matter of Swan [Commissioner of Labor]*, 40 AD3d 1295, 1295 [2007] [citations omitted]). Seasonal in nature, the pro shop was closed during the relevant periods, but claimant performed limited activities on its behalf during the off season, including writing occasional checks for business-related expenses and attending a trade show, and thus, substantial evidence supports the Board's decision that he was not totally unemployed (*see Matter of Ibrahim [Commissioner of Labor]*, 45 AD3d 1128, 1129 [2007]; *Matter of Gorman [Commissioner of Labor]*, 288 AD2d 597, 598 [2001]).

However, we cannot agree that claimant's failure to report his business activities when certifying for benefits constituted a willful misrepresentation. Inasmuch as the definition of employment under the Labor Law " 'does not reflect the common understanding of employment,' " we find that claimant's sporadic and minimal activities were not so concerted or time-consuming as to have put him on notice that his certification of lack of employment was false (*Matter of Barber [Roberts]*, 121 AD2d 767, 769 [1986], quoting *Matter of Valvo [Ross]*, 57 NY2d 116, 126 [1982]; *see Matter of Smalt [Ross]*, 82 AD2d 958, 959 [1981]; *Matter of Czarniak [Ross]*, 60 AD2d 745, 746 [1977]; *cf. Matter of Ibrahim [Commissioner of Labor]*, 45 AD3d at 1129; *Matter of Cestaro [Hudacs]*, 184 AD2d 986, 986 [1992]). As such, the matter should be remitted to the Board for a recalculation of recoverable benefits consistent with our determination (*see Matter of Alm [Commissioner of Labor]*, 302 AD2d 777, 780 [2003]).

Mercure, J.P., Spain, Carpinello, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as found that claimant willfully misrepresented his employment status; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.