■ In the Matter of the Claim of SELMA R. WINSTON, Appellant. COMMISSIONER OF LABOR, Respondent. [918 NYS2d 274]—

After losing her full-time job, claimant filed a claim for unemployment insurance benefits effective January 28, 2008. Thereafter, from the date of the claim through June 22, 2008, she received benefits totaling $7,897.50. During the time that she began receiving benefits, she held a 50% ownership interest in a corporation started by her mother to manufacture and sell fur coats. She also performed routine clerical duties for the business and was on its payroll at a salary of $5,200 per year. The Unemployment Insurance Appeal Board subsequently ruled that claimant was ineligible to receive benefits because she was not totally unemployed. In addition, it charged her with a recoverable overpayment and imposed a forfeiture penalty upon finding that she made a willful misrepresentation to obtain benefits. Claimant now appeals.

Initially, "[i]t has been held that a claimant who performs activities on behalf of a business, even if minimal, will not be considered totally unemployed so long as the claimant stands to benefit financially from the continued existence of the business" (*Matter of Germanow [Commissioner of Labor]*, 56 AD3d 923, 924 [2008]; *see Matter of Davis [Commissioner of Labor]*, 50 AD3d 1281, 1282 [2008]). Here, it is undisputed that claimant held an ownership interest in the corporation, was on the business payroll, received actual compensation, performed routine clerical duties and took advantage of tax-related business deductions during the benefit period. Inasmuch as she received a financial benefit from her affiliation with the corporation, substantial evidence supports the Board's finding that she was not totally unemployed.

We reach a different conclusion, however, with respect to that part of the Board's decision charging claimant with a recoverable overpayment and imposing a forfeiture penalty. Despite receiving an unemployment insurance handbook advising her of

the reporting requirements, claimant was evidently unaware of her obligation to report her interest in the corporation or the work performed on its behalf when certifying for benefits. This omission, however, was remedied when she had the accountant for the corporation contact the Department of Labor by letter on February 25, 2008 and again on March 6, 2008 to advise of claimant's activities and relationship to the corporation. Nevertheless, even after these letters were received, the Department continued to pay claimant benefits. The Department representative assigned to the case conceded at the hearing that he made a mistake by considering claimant to be employed part-time by the corporation rather than ineligible for benefits based upon her potential to receive a financial reward. It is this error that resulted in claimant's continued receipt of benefits, not any false statement or misrepresentation on her part. In our view, claimant should not have been penalized by being charged with a recoverable overpayment and having a forfeiture penalty imposed for the time period after the Department was on notice of claimant's activities. As for the time period before this, however, we find no error in the Board's decision inasmuch as claimant did, in fact, make a factually false representation when applying for benefits (*see* Labor Law § 597 [4]; *Matter of Davis [Commissioner of Labor]*, 50 AD3d at 1282). Therefore, the decision must be modified and the matter remitted to the Board to recompute the amount of the recoverable overpayment and redetermine the duration of the forfeiture penalty consistent herewith.

Peters, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as found that claimant willfully misrepresented her employment status subsequent to February 25, 2008; matter remitted to the Unemployment Insurance Appeal Board for a redetermination of the recoverable overpayment and forfeiture penalty; and, as so modified, affirmed.