Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 21, 2012, which ruled that claimant was ineligible to receive unemployment insurance benefits for portions of the benefit period.
Claimant was laid off from his part-time position with the New York City Civil Court effective June 1, 2011. At that time, he was the principal of a business, known as Hatch Ventures LLC, which he incorporated in 2007 for the purpose of developing new product ideas for eventual manufacture and sale to customers. Claimant operated this business out of his home at various times during the benefit period. The Department of Labor initially determined that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed. Following a hearing, an Administrative Law Judge overruled this determination and found that claimant’s activities on behalf of Hatch Ventures did not render him ineligible to receive benefits. The Unemployment Insurance Appeal Board subsequently modified this decision and ruled that claimant was ineligible to receive benefits for those days within the benefit period that he worked for Hatch Ventures. Claimant was subsequently charged with a recoverable overpayment pursuant to Labor Law § 597 (4) and a penalty of a forfeiture of future benefits. On claimant’s appeal, we now modify.
A claimant is not entitled to receive unemployment insurance benefits during the time that he or she is not totally unemployed (see Labor Law § 591 [1]). It has been held that a claimant who undertakes activities on behalf of an ongoing business is not considered to be totally unemployed even if those activities are minimal or the business is not profitable (see Matter of Connell [Commissioner of Labor], 82 AD3d 1437, 1438 [2011]). The issue of total unemployment is a factual question for the Board, and its determination will be upheld if supported by substantial evidence (see Matter of Felder [Commissioner of Labor], 93 AD3d 1122, 1122 [2012]; Matter of Bernstein [Commissioner of Labor], 67 AD 3d 1287, 1287 [2009]). Here, claimant admittedly performed various activities on behalf of Hatch Ventures, made business-related expenditures and received income from prod- *1314 net sales. Notably, he indicated that, from June 1, 2011 until June 30, 2011, he performed such activities three days a week for one hour each day and that, after July 1, 2011, he performed them one day per week for three hours. In view of the foregoing, substantial evidence supports the Board’s finding that claimant was not eligible to receive benefits for those days that he worked for Hatch Ventures.
We reach a different conclusion, however, with respect to the imposition of a recoverable overpayment and forfeiture penalty. Inasmuch as the Board’s decision included no finding that claimant made a willful misrepresentation with respect to his employment with Hatch Ventures,* we conclude that the imposition of the recoverable overpayment and forfeiture must be reversed (see Matter of Bianco [Commissioner of Labor], 53 AD3d 1002, 1003 [2008], lv denied 11 NY3d 711 [2008]; Matter of Smith [Commissioner of Labor], 53 AD3d 908 [2008]).
Rose, J.E, Stein, Spain and McCarthy, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as charged claimant with a recoverable overpayment and the loss of eight benefit days, and, as so modified, affirmed.

 In fact, the Board’s decision is silent on the issues of willful misstatements, overpayment and forfeiture penalty. The recoverable overpayment and forfeiture penalty were set forth in a subsequent “notice of determination of ineligibility or disqualification” issued by the Department of Labor, which refers to the Board’s decision as the basis for such notice.