*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                    521822
_____

In the Matter of the Claim of
    GREGORY A. PASINSKI JR.,
                    Appellant.

                                    MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  June 6, 2016

Before:  Lahtinen, J.P., Garry, Rose, Devine and Mulvey, JJ.

                    _____

        Gregory A. Pasinski Jr., Hamlin, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for respondent.

                    _____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed January 8, 2015, which ruled, among other things,
that claimant was ineligible to receive unemployment insurance
benefits because he was not totally unemployed.

        Claimant is the owner of a charter fishing business he
started in 2011 that operates seasonally.  From October 2013
until May 2014, claimant kept his boat in storage and did not
resume taking customers out on fishing charters until July and
August 2014.  However, when he filed his claim for unemployment
insurance benefits in December 2013, he did not disclose the
fishing business on his application.  As a result, the Department
of Labor issued initial determinations that found him ineligible
to receive benefits because he was not totally unemployed,
charged him with a recoverable overpayment and forfeiture penalty
based on his willful misrepresentation, and imposed a civil
penalty.  Following a hearing, an Administrative Law Judge

concluded that claimant was eligible to receive benefits for the period December 16, 2013 through May 17, 2014 and modified the initial determinations accordingly.  The Unemployment Insurance Appeal Board, however, reversed this decision and sustained the initial determinations.  Claimant now appeals.

We affirm.  It is well settled that a "claimant who performs activities on behalf of an ongoing business may not be considered totally unemployed, even if such activities are minimal or the business is not profitable, if he or she stands to benefit financially from its continued operation" (Matter of Romero [Commissioner of Labor], 121 AD3d 1147, 1148 [2014]; see Matter of McCann [Commissioner of Labor], 117 AD3d 1259, 1260 [2014]).  Notably, this rule has been applied to seasonal businesses as well as those that operate throughout the year (see Matter of Smith [Commissioner of Labor], 53 AD3d 908, 909 [2008]; Matter of Ibrahim [Commissioner of Labor], 45 AD3d 1128, 1129 [2007]).  Here, claimant performed a number of activities related to his fishing business after he filed his unemployment insurance claim.  Specifically, he maintained a business website, communicated with prospective customers through email and by telephone, paid various business-related expenses, renewed insurance, placed an advertisement in a local circulation, leased a boat slip and prepared the boat for operation.  These activities were clearly intended to further the profitability of the business.  Accordingly, we find that substantial evidence supports the Board's finding that claimant was not totally unemployed during the time period in question.  Furthermore, insofar as claimant admittedly failed to disclose the fishing business when applying for benefits and chose not to read portions of the unemployment insurance handbook advising him of his obligation in this regard, substantial evidence also supports the Board's finding that he made a willful misrepresentation to obtain benefits (see Matter of Davis [Commissioner of Labor], 50 AD3d 1281, 1282 [2008]; Matter of Nigro [Commissioner of Labor], 47 AD3d 1040, 1042 [2008]).

Lahtinen, J.P., Garry, Rose, Devine and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court