Matter of Pemberton (Commissioner of Labor) (2018 NY Slip Op 07524)





Matter of Pemberton (Commissioner of Labor)


2018 NY Slip Op 07524


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018

526600

[*1]In the Matter of the Claim of THOMAS A. PEMBERTON, Appellant.
and
COMMISSIONER OF LABOR, Respondent.

Calendar Date: September 18, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Thomas A. Pemberton, New York City, appellant pro se.
Barbara D. Underwood, Attorney General, New York City (Dawn A. Foshee of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 21, 2017, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
Claimant lost his job for reasons not at issue in this matter and was granted unemployment insurance benefits and federally-funded emergency unemployment compensation (see Pub L 110-252, tit IV, § 4001 et seq., 122 US Stat 2323). While certifying for benefits between March 3, 2012 and June 2, 2013, claimant was the owner and operator of a business known as TDE Tours Connection Inc., which he began in 1995 and operated out of his home for the purpose of booking bus tours, theme park tours and cruises for clients. Claimant did not disclose this business when certifying for benefits. As a result, the Unemployment Insurance Appeal Board ruled that he was ineligible to receive benefits because he was not totally unemployed. The Board also charged him with a recoverable overpayment of benefits and emergency benefits and imposed forfeiture and civil penalties due to willful misrepresentations. Claimant appeals.
We affirm. "Whether a claimant is totally unemployed is a factual question for the Board to resolve" (Matter of Moreira-Brown [Commissioner of Labor], 36 AD3d 987, 988 [2007] [citation omitted]; see Matter of Denes [Commissioner of Labor], 147 AD3d 1144, 1145-1146 [2017]). "It is well settled that a claimant who performs activities on behalf of an ongoing business may not be considered totally unemployed, even if such activities are minimal or the business is not profitable, if he or she stands to benefit financially from its continued operation" (Matter of Pasinski [Commissioner of Labor], 141 AD3d 989, 989-990 [2016] [internal quotation marks and citations omitted]; see Matter of Romero [Commissioner of Labor], 121 AD3d 1147, 1148 [2014]). Moreover, "it is the responsibility of a claimant to report accurately and disclose any business activity when certifying for unemployment insurance benefits, and there is no valid defense to making such a false statement, even when such misrepresentation is unintentional" (Matter of Bernard [Commissioner of Labor], 53 AD3d 1006, 1006 [2008] [internal quotation [*2]marks and citations omitted]; see Matter of Crist [Commissioner of Labor], 113 AD3d 1016, 1017 [2014]).
Here, claimant continued to operate his tour business during the time that he was certifying for benefits. His activities included advertising the tours and cruises, booking clients, making business-related expenditures and acting as host on certain tours. Claimant also took business deductions on his personal income tax returns. Claimant testified that, although the company's annual sales for the time in question were over $100,000, it did not make a profit, although, in his position as owner of the company, he was able to take certain cruises for free. Finally, claimant admitted that he had received the unemployment insurance handbook but did not read the portions advising him to report self-employment activities. Under these circumstances, we find no reason to disturb the Board's decision that claimant was not totally unemployed and that he made willful misrepresentations to obtain benefits, as well as its consequential imposition of recoverable overpayments and a forfeiture penalty (see Matter of Shuman [Commissioner of Labor], 135 AD3d 1284, 1285 [2016]; Matter of Boscarino [Commissioner of Labor], 117 AD3d 1145, 1147-1148 [2014]).
Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.