Matter of Cardella (Commissioner of Labor) (2020 NY Slip Op 00463)





Matter of Cardella (Commissioner of Labor)


2020 NY Slip Op 00463


Decided on January 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 23, 2020

528939

[*1]In the Matter of the Claim of Michael F. Cardella, Appellant. Commissioner of Labor, Respondent.

Calendar Date: January 3, 2020

Before: Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Michael F. Cardella, Key Port, New Jersey, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 8, 2017, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
In January 2012, claimant and four other individuals formed a corporation for the purpose of operating a bar. Claimant had a full-time job at the time. In the months that followed, a corporate bank account was established and the corporation entered into a lease of property where the bar was to be located. Construction on the bar commenced and it finally opened in October 2012. While making preparations for the opening of the bar, claimant lost his job and applied for unemployment insurance benefits, effective July 23, 2012. His application was granted and he subsequently certified for benefits on a weekly basis, including a period of time after the bar was operational. Claimant represented in his weekly certifications that he was not working.
Thereafter, the Department of Labor issued an initial determination finding that claimant was ineligible to receive benefits for the period July 23, 2012 through October 20, 2013 because he was not totally unemployed, and had been overpaid in regular benefits and in federally-funded emergency unemployment compensation (see Pub L 110-252, tit IV, § 4001 et seq., 122 US Stat 2323). The Department further found that claimant had made willful misrepresentations to obtain benefits on specific dates and, as a result, was responsible for a recoverable overpayment, as well as a civil monetary penalty. Based on its finding that claimant made willful misrepresentations, the Department also imposed a forfeiture penalty of 512 effective days. Following a hearing, an Administrative Law Judge modified the initial determination with respect to the period of total unemployment, the amount of the recoverable overpayment and the amount of the civil penalty, but sustained the forfeiture penalty. On appeal, the Unemployment Insurance Appeal Board modified the Administrative Law Judge's decision and, among other things, sustained the initial determination finding that claimant was not totally unemployed during the period July 23, 2012 through October 20, 2013 and was responsible for a recoverable overpayment of benefits. Claimant appeals.
We affirm. "[W]hether a claimant is totally unemployed and thereby entitled to receive unemployment insurance benefits is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence" (Matter of Boscarino [Commissioner of Labor], 117 AD3d 1145, 1146 [2014]; see Matter of Lasker [Commissioner of Labor], 155 AD3d 1236, 1237 [2017], lv denied 31 NY3d 907 [2018]). Notably, "[a] claimant who performs activities on behalf of an ongoing business may not be considered totally unemployed, even if such activities are minimal or the business is not profitable, if he or she stands to benefit financially from its continued operation" (Matter of Romero [Commissioner of Labor], 121 AD3d 1147, 1148 [2014]; see Matter of Pemberton [Commissioner of Labor], 166 AD3d 1202, 1203 [2018]). The fact that a claimant does not receive income from the business is not indicative of total unemployment (see Matter of Romero [Commissioner of Labor], 121 AD3d at 1148; Matter of McCann [Commissioner of Labor], 117 AD3d 1259, 1260 [2014]; Matter of Boscarino [Commissioner of Labor], 117 AD3d at 1147).
Claimant testified that, prior to the opening of the bar, he was involved in overseeing the construction activities, including hiring tradesmen and ordering building supplies. He also was one of the guarantors of the corporate lease, became a corporate officer as was needed for approval of the liquor license and was a signatory to the corporate bank account. After the bar opened, claimant spent one night per week and every fifth weekend at the bar overseeing its operations, which included making sure that deliveries were received. He did not receive any compensation, but did take a business loss on his 2013 personal income tax return. Tellingly, claimant admitted that the very purpose of his activities was to realize a future positive return on his investment. Clearly, claimant participated in the corporation's business and stood to receive a financial benefit as a result. Accordingly, substantial evidence supports the Board's finding that claimant was not totally unemployed during the time period in question (see Matter of Romero [Commissioner of Labor], 121 AD3d at 1148; Matter of Boscarino [Commissioner of Labor], 117 AD3d at 1147).
Turning to the issue of willfulness, "it is well settled that a claimant is responsible for accurate reporting and must disclose any business activity when certifying for unemployment insurance benefits" (Matter of McCann [Commissioner of Labor], 117 AD3d at 1260 [internal quotation marks and citation omitted]; see Matter of Boscarino [Commissioner of Labor], 117 AD3d at 1147). Significantly, "there is no acceptable defense to making a false statement . . . and a claim that the misrepresentation was unintentional is not sufficient" (Matter of Bowlby [Commissioner of Labor], 31 AD3d 939, 940 [2006] [internal quotation marks and citations omitted]; see Matter of Pemberton [Commissioner of Labor], 166 AD3d at 1203; Matter of Boscarino [Commissioner of Labor], 117 AD3d at 1147).
Claimant admitted that he did not report his business-related activities when certifying for benefits and explained that it was because he was not receiving any income. Although he did not receive a copy of the unemployment insurance handbook, he was able to access it online and was under a duty to review its contents. He stated, however, the he was not familiar with its provisions requiring him to report any activities that might generate income. He maintained that he thought that work meant making money. Notwithstanding the unintentional nature of claimant's omissions, substantial evidence supports the Board's finding that his failure to fully disclose his business-related activities constituted willful misrepresentations subjecting him to a recoverable overpayment of benefits (see Matter of Pemberton [Commissioner of Labor], 166 AD3d at 1203-1204; Matter of Pasinski [Commissioner of Labor], 141 AD3d 989, 990 [2016]).
Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.